UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

UNITED STATES SECURITIES AND EXCHANGE    :
COMMISSION,    :
   :
             *Plaintiff*,    :
   :
          -v-    :      No. 22 Civ. 6277 (ALC)
   :
AMIT BHARDWAJ,    :
DHIRENKUMAR PATEL,    :
SRINIVASA KAKKERA,    :
ABBAS SAEEDI, and    :
RAMESH CHITOR,    :
   :
           *Defendants*,    :
   :
         -and-    :
   :
GAURI SALWAN,    :
THE KAKKERA FAMILY TRUST,    :
ALL US TACOS INC., and    :
JANYA SAEEDI,    :
   :
          *Relief Defendants.*    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x


## THE GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO INTERVENE AND FOR A STAY OF PROCEEDINGS


DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Attorney for the United States of America*


Richard Cooper
Noah Solowiejczyk
Assistant United States Attorneys
    *- Of Counsel -*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ................................................................................................................... 2

   A.  Relevant Entitles and Individuals ............................................................................. 3

   B.  The Schemes ............................................................................................................. 3

ARGUMENT ........................................................................................................................ 5

   I. THE GOVERNMENT SHOULD BE GRANTED PERMISSION TO INTERVENE ...... 5

   II. A STAY OF THE SEC CASE IS WARRANTED ....................................................... 6

     A.  Applicable Law ......................................................................................................... 6

     B.    Discussion ............................................................................................................ 7

       1.  The Extent of Overlap ....................................................................................... 7

       2.  The Status of the Criminal Case ....................................................................... 8

       3.  The Plaintiff's Interests ..................................................................................... 9

       4.  The Defendant's Interests .................................................................................. 9

       5.  The Court's Interests ......................................................................................... 10

       6.  The Public Interest ............................................................................................ 11

CONCLUSION ..................................................................................................................... 12

## **TABLE OF AUTHORITIES**

**CASES**

*Baxter* v. *Palmigiano*, 425 U.S. 308 (1976) ............................................................ 9

*Bureerong* v. *Uvawas*, 167 F.R.D. 83 (C.D. Cal. 1996) ........................................... 6

*Campbell* v. *Eastland*, 307 F.2d 478 (5th Cir. 1952) ............................................... 13

*First Merchs. Enter.,* v. *Shannon*, 1989 WL 25214 (S.D.N.Y. Mar. 16, 1989) ........... 6

*Governor of the Fed'l Reserve Sys.* v. *Pharaon*, 140 F.R.D. 634 (S.D.N.Y. 1991) ..... 6

*Governor of the Fed'l Reserve Sys.* v. *Pharaon*, 140 F.R.D. 634, 638 (S.D.N.Y. 1991) ......... 6, 12

*Harris* v. *Nassau County*, 2014 U.S. Dist. LEXIS 94554 (E.D.N.Y. 2014) .................................. 1

*In re Ahead By A Length, Inc.*, 78 B.R. 708, 711 (S.D.N.Y. 1987) ............................... 12

*In re Ivan F. Boesky Secs. Litig.*, 128 F.R.D. 47 (S.D.N.Y. 1989) ............................... 13

*In re Par Pharm., Inc. Secs. Litig.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990) ...................... 8

*Kashi* v. *Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) ............................................ 6

*Louis Vuitton Malletier S.A.* v. *LY USA, Inc.*, 676 F.3d 83 (2d Cir. 2012) ................. 6, 7

*Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (S.D.N.Y. 1989) ........ 8

*Parker* v. *Dawson*, 2007 WL 2462677 (E.D.N.Y. Aug. 27, 2007) .............................. 8

*Phillip Morris Inc.* v. *Heinrich*, 1996 WL 363156 (S.D.N.Y. June 28, 1996) ............. 12

*SEC* v. *Beacon Hill Asset Mgmt. LLC*, 2003 WL 554618 (S.D.N.Y. Feb. 27, 2003) .................. 12

*SEC* v. *Chestman*, 861 F.2d (2d Cir. 1988) ............................................................. 6

*SEC* v. *Contorinis*, 2012 WL 512626 (S.D.N.Y. Feb. 3, 2012) .................................. 10

*SEC* v. *Credit Bancorp.*, 297 F.3d (2d Cir. 2002) .................................................... 5

*SEC* v. *Downe*, 1993 WL 22126 (S.D.N.Y. June 26, 1993) ...................................... 6

*SEC* v. *Dubovoy*, 15 Civ. 6076 (D.N.J. Jan. 29, 2016) ............................................ 1

*SEC* v. *Nicholas*, 569 F. Supp. 2d (C.D. Cal. 2008) ............................................ 1, 9

*SEC* v. *One or More Unknown Purchasers of Secs. of Global Indus.*, 2012 U.S. Dist. LEXIS 162772 (S.D.N.Y. Nov. 9, 2012) ........................................................... 10

*SEC* v. *Shkreli*, 2016 WL 1122029 (E.D.N.Y. Mar. 22, 2016) ............................. 1, 8, 9

*SEC* v. *Treadway*, 2005 WL 713826 (S.D.N.Y. Mar. 30, 2005) ................................ 7

*SEC* v. *Tuzman*, 15 Civ. 7057 (AJN) (S.D.N.Y. Mar. 1, 2016) ........................... 7, 8, 10

*Trustees of Plumbers and Pipefitters Nat'l Pension Fund, et al.* v. *Transworld Mechanical, Inc.*, 886 F. Supp. 1134 (S.D.N.Y. 1995) ...................................... 8, 10

*Twenty First Century Corp.* v. *LaBianca*, 801 F. Supp. (E.D.N.Y. 1992) .............. 5, 10

*United States* v. *McCarthy*, 292 F. Supp. 937 (2d Cir. 1968) ................................. 11

*United States* v. *One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352 (S.D.N.Y. 1966) .................. 8

*United States* v. *One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ........... 8

*United States* v. *Percevault*, 490 F.2d 126 (2d Cir. 1974)........................................................ 11, 12

*Volmar Distrib., Inc.* v. *New York Post Co.*, 152 F.R.D. (S.D.N.Y. 1993) ................................... 7

**STATUTES**

18 U.S.C. § 3500............................................................................................................................. 11

Fed. R. Crim. P. 15 ........................................................................................................................ 12

Fed. R. Crim. P. 16(a)(2) .............................................................................................................. 11

*In re United States*, 834 F.2d 283 (2d Cir. 1987) ........................................................................ 12

*United States* v. *Coppa (In re United States)*, 267 F.3d 132 (2d Cir. 2001)................................ 12

## PRELIMINARY STATEMENT

The United States of America, by and through the United States Attorney for the Southern District of New York ("the Government"), respectfully submits this memorandum in support of its motion (i) to intervene in the above-captioned case (the "SEC Case"), pursuant to Rule 24 of the Federal Rules of Civil Procedure, and (ii) to stay this matter in its entirety, with an exception for the Securities and Exchange Commission (the "SEC") to submit to the Court, and for the Court to approve and enter, any partial or final consent judgment that the SEC may negotiate with any of the defendants or relief defendants, until the completion of the trial or other disposition in the parallel criminal case, *United States* v. *Amit Bhardwaj, et al.*, 22 Cr. 398 (GHW) (S.D.N.Y.) (the "Criminal Case").    No party in the SEC Case opposes the Government's motion to intervene and stay this action.

The Criminal Case arises from the same set of facts and circumstances that underlie the SEC Case.   As a result, the requested stay is appropriate because any exchange of discovery would be asymmetrical and would allow the common defendants in the Criminal Case and SEC Case, Amit Bhardwaj ("Bhardwaj"), Srinivasa Kakkera ("Kakkera"), and Abbas Saeedi ("Saeedi"), to circumvent the criminal discovery rules and improperly tailor their defenses in the Criminal Case.   In similar situations, courts in this Circuit and others have entered a complete stay of parallel actions when there is a parallel criminal prosecution with overlapping defendants and facts, even over a defendant's objection.   *See, e.g.*, *SEC* v. *Shkreli*, 2016 WL 1122029, at *1 (E.D.N.Y. Mar. 22, 2016); *SEC* v. *Dubovoy*, 15 Civ. 6076 (D.N.J. Jan. 29, 2016); *Harris* v. *Nassau County*, 2014 U.S. Dist. LEXIS 94554, at *10 (E.D.N.Y. 2014); *SEC* v. *Nicholas*, 569 F. Supp. 2d 1065, 1070 (C.D. Cal. 2008).   For the reasons set forth below, the Government respectfully requests that this Court enter an order staying this action until the completion of the Criminal Case.

## BACKGROUND

On July 25, 2022, an indictment (the "Indictment") against Amit Bhardwaj ("Bhardwaj"), Srinivasa Kakkera ("Kakkera"), and Abbas Saeedi ("Saeedi") was unsealed in the United States District Court for the Southern District of New York.[1]   The Indictment charged (a) Bhardwaj with four counts of conspiracy to commit securities fraud and wire fraud, seven counts of securities fraud, one count of wire fraud, and one count of conspiracy to obstruct justice; Kakkera with one count of conspiracy to commit securities fraud and wire fraud, one count of securities fraud, one count of wire fraud, and one count of conspiracy to obstruct justice; and Saeedi with one count of conspiracy to commit securities fraud and wire fraud, one count of securities fraud, one count of wire fraud, and one count of conspiracy to obstruct justice.   Also on July 25, 2022, the SEC filed a complaint (the "SEC Complaint") against Bhardwaj, Kakkera, and Saeedi in this parallel civil action, as well as two other defendants, Ramesh Chitor ("Chitor") and Dhirenkumar Patel ("Patel"),[2] and four relief defendants:   Gauri Salwan (Bhardwaj's wife), the Kakkera Family Trust (a trust controlled by Kakkera), All US Tacos Inc. (a business of Saeedi), and Janya Saeedi (Saeedi's wife).

The SEC Case and the parallel Criminal Case arise out of the same underlying events.   As alleged in both the Criminal Case and the SEC Case, Bhardwaj, Kakkera, and Saeedi, along with Chitor and Patel, engaged in an insider trading scheme in which Bhardwaj used his position as the Chief Information Security Officer of Lumentum Holdings Inc. ("Lumentum") to obtain material,

---

[1] A copy of the Indictment is attached hereto as Exhibit A.

[2] On July 25, 2022, criminal Informations for both Chitor and Patel, as well as guilty pleas pursuant to cooperation agreements, were unsealed for their participation in the same insider trading scheme as Bhardwaj, Kakkra, and Saeedi.   *See United States v. Chitor*, 22 Cr. 370 (LGS); *United States v. Patel*, 22 Cr. 369 (VSB).

non-public information ("MNPI") about two of Lumentum's planned corporation acquisitions and then misappropriated that MNPI to enrich himself and his criminal associates, including Kakkera, Saeedi, Patel, and Chitor.

Additional detail concerning the charges follows.

### A.      Relevant Entitles and Individuals

As alleged in both the Criminal Case and the SEC Case, Lumentum was a provider of optical and photonics products headquartered in San Jose, California, whose stock was listed on the NASDAQ stock exchange under the symbol "LITE."  Bhardwaj, who resided in Northern California, was the Chief Information Security Officer ("CISO") of Lumentum during the time period covered by both the Criminal Case and the SEC Case, and in that role managed a team responsible for Lumentum's cybersecurity and regulatory compliance.   Coherent, Inc. ("Coherent") was a photonics company headquartered in Santa Clara, California, whose stock traded on the NASDAQ under the symbol "COHR."   Neophotonics Corporation ("Neophotonics") was a photonics company headquartered in San Jose, California, whose stock traded on the New York Stock Exchange under the symbol "NPTN."

Kakkera and Saeedi both resided in Northern California and were friends of Bhardwaj. Kakkera was the head of engineering for a large publicly traded software company, and Saeedi was a tax preparer and tax consultant.

### B.      The Scheme

As alleged in both the Criminal Case and the SEC Case, Bhardwaj, Kakkera, Saeedi, Patel, Chitor, and others participated in insider trading schemes wherein Bhardwaj used his position as the CISO of Lumentum to obtain material, non-public information ("MNPI") about two of Lumentum's planned corporate acquisitions and then misappropriated that MNPI to enrich himself

and his criminal associates, including Kakkera, Saeedi, Patel, and Chitor.

First, in or about the fall of 2020 and the winter of 2021, Bhardwaj learned of Lumentum's nonpublic negotiations to acquire Coherent.   In violation of the duties of trust and confidence that he owed to Lumentum, and of Lumentum's policies restricting the use of MNPI, Bhardwaj traded in Coherent securities and tipped others, including Patel, with that MNPI.   In total, Bhardwaj, Patel, and others whom Bhardwaj tipped made nearly $900,000 in realized and unrealized profits when Coherent's stock price rose after Lumentum and Coherent publicly announced their merger plans in or about January 2021.

Second, in the fall of 2021, Bhardwaj learned of Lumentum's nonpublic negotiations to acquire Neophotonics.   Again, in violation of the duties of trust and confidence that he owed to Lumentum, and of Lumentum's policies restricting the use of MNPI, Bhardwaj tipped Kakkera, Saeedi, and Chitor with that MNPI.   In total, Kakkera, Saeedi, and Chitor made approximately in $4.3 million in realized and unrealized profits when Neophotonics' stock price rose after Lumentum and Neophotonics publicly announced their merger plans in or about November 2021.

As alleged in the SEC Case, Bhardwaj caused a brokerage account held in the name of his wife, Gauri Salwan (a relief defendant n the SEC Case) to purchase Coherent securities in advance of the public announcement of the Lumentum-Coherent merger.   As further alleged in the SEC Case, Kakkera caused an account in the name of the Kakkera Family Trust (another relief defendant in the SEC case) to purchase Neophotonics securities in advance of the public announcement of the Lumentum-Neophotonics merger, and Saeedi caused accounts in the names of his entity All US Tacos and his wife Janya Saeedi (the final two relief defendants in the SEC Case) to purchase Neophotonics securities in advance of the public announcement.

# ARGUMENT

The Government's requests to intervene and for a stay of the SEC Case should be granted. If this case were to proceed, there would be a risk of significant interference with the Criminal Case.   The requested stay of discovery would prejudice no party to the SEC Case; would prevent the circumvention of important statutory limitations on criminal discovery and avoid asymmetrical discovery; and would preserve the Court's resources because many of the issues presented by the civil action will be resolved in the Criminal Case.   As noted above, no party opposes the Government's motion to intervene and stay this action.

## I. THE GOVERNMENT SHOULD BE GRANTED PERMISSION TO INTERVENE

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, anyone may intervene as of right in an action when the applicant "claims an interest relating to the property or transaction which is the subject of the action" and the applicant is so situated that "disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests."   Alternatively, Rule 24(b)(2) provides for permissive intervention when the movant "has a claim or defense that shares with the main action a common question of law or fact."   The Government respectfully submits that its application satisfies both of these provisions given the effect the SEC Case would have on the Criminal Case and the similarity of claims and facts between the parallel proceedings.

As a general rule, courts "have allowed the government to intervene in civil actions — especially when the government wishes to do so for the limited purpose of moving to stay discovery."   *Twenty First Century Corp.* v. *LaBianca*, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992); *see also SEC* v. *Credit Bancorp.*, 297 F.3d 127, 130 (2d Cir. 2002).   The Government has a "discernible interest in intervening in order to prevent discovery in a civil case from being used to circumvent the more limited scope of discovery in the criminal matter."   *SEC* v. *Chestman*, 861

F.2d 49, 50 (2d Cir. 1988).   Indeed, "[i]t is well established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is . . . already underway that involves common questions of law or fact."   *SEC* v. *Downe*, 1993 WL 22126, at *11 (S.D.N.Y. June 26, 1993); *see also First Merchs. Enter.,* v. *Shannon*, 1989 WL 25214 (S.D.N.Y. Mar. 16, 1989) (allowing intervention); *Governor of the Fed'l Reserve Sys.* v. *Pharaon*, 140 F.R.D. 634, 638 (S.D.N.Y. 1991) (same).

Intervention is warranted because the Government's interests in upholding the public interest in enforcement of the criminal laws cannot be protected adequately by the existing parties in this civil litigation, none of whom represent the Government's interests with respect to the investigation and enforcement of federal criminal statutes.   *See Bureerong* v. *Uvawas*, 167 F.R.D. 83 (C.D. Cal. 1996) ("the Government's prosecutorial and investigative interest is not adequately protected by any of the civil parties . . . .   Clearly neither the plaintiff or the defendants have this identical interest.").   No party in this case objects to the Government's motion to intervene.

## II. A STAY OF THE SEC CASE IS WARRANTED

### A.      Applicable Law

This Court has the inherent power to stay a civil proceeding in the interests of justice pending the completion of the parallel criminal trial.   *See Kashi* v. *Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action.") (internal citations and quotations omitted). "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'"   *Louis Vuitton Malletier S.A.* v. *LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis* v. *N. Am. Co.*, 299 U.S. 248, 254 (1936)).   In evaluating whether to grant such a

stay, courts in this Circuit consider:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interest of the court; and (6) the public interest.

*SEC* v. *Treadway*, 2005 WL 713826, at *2-*3 (S.D.N.Y. Mar. 30, 2005) (quoting *In re Worldcom, Inc. Secs. Litig.*, 2002 WL 31729501, at *4 (S.D.N.Y. Dec. 5, 2002)); *see also SEC* v. *Tuzman*, 15 Civ. 7057 (AJN), at 2 (S.D.N.Y. Mar. 1, 2016); *Volmar Distrib., Inc.* v. *New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993).   "Balancing these factors is a case-by-case determination." *Volmar Distrib.*, 152 F.R.D. at 39.   But the factors "can do no more than act as a rough guide for the district court as it exercises its discretion" and do not replace the Court's "studied judgment as to whether the civil action should be stayed based on the particular facts before it and the extent to which such a stay would work a hardship, inequity, or injustice to a party, the public or the court." *Louis Vuitton*, 676 F.3d at 99.   The Court's "decision ultimately requires and must rest upon a particularized inquiry into the circumstances of, and the competing interests in, the case."   *Id.* (quotation marks omitted).

## B.   Discussion

Application of each of the relevant factors here weighs in favor of the stay sought by the Government.

### 1.   The Extent of Overlap

The Criminal Case and the SEC Case involve the same fraudulent scheme, and identical facts, witnesses, and issues.   "The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues."   *Volmar Distrib.*, 152 F.R.D. at 39 (citing Judge

Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (S.D.N.Y. 1989));

*see also Parker* v. *Dawson*, 2007 WL 2462677, at *4 (E.D.N.Y. Aug. 27, 2007) (same); *United*

*States* v. *One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("Where both

civil and criminal proceedings arise out of the same or related transactions the government is

ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal

matter.").

The identical facts and issues at play in both cases weigh heavily in favor of a stay.  *See,*

*e.g.*, *Shkreli*, 2016 WL 1122029, at *4; *Tuzman*, 15 Civ. 7057 (AJN), at 3.

### 2.    The Status of the Criminal Case

The return of an indictment in the Criminal Case is also a factor that weighs in favor of a

stay.  *See Shkreli*, 2016 WL 1122029, *4 ("[T]he strongest argument for granting a stay is where

a party is under criminal indictment."); *In re Par Pharm., Inc. Secs. Litig.*, 133 F.R.D. 12, 13

(S.D.N.Y. 1990) ("Indeed, "[t]he weight of authority in this Circuit indicates that courts will stay

a civil proceeding when the criminal investigation has ripened into an indictment").    As the court

explained in *Trustees of Plumbers and Pipefitters Nat'l Pension Fund, et al.* v. *Transworld*

*Mechanical, Inc.*:

> A stay of a civil case is most appropriate when a party to the civil
> case has already been indicted for the same conduct for two reasons:
> first, the likelihood that a defendant may make incriminating
> statements is greatest after an indictment has issued, and second, the
> prejudice to the plaintiffs in the civil case is reduced since the
> criminal case will likely be quickly resolved.

886 F. Supp. 1134, 1139 (S.D.N.Y. 1995); *see also Tuzman*, No. 15 Civ. 7057 (AJN), at 3 (an

indictment normally weighs heavily in favor of a stay absent particular facts indicating that the

criminal case may not be resolved expeditiously).

- 8 -

Bhardwaj, Kakkera, and Saeedi have been indicted.  Thus, this factor also militates in favor of a stay.

### 3.    The Plaintiff's Interests

The SEC has indicated that it takes no position on the request for a stay.   In light of the fact that the SEC does not oppose the requested order to stay this case, there is no basis to believe that there would be prejudice to the plaintiff by staying this action.  *See Shkreli*, 2016 WL 1122029, at *5 (citing cases).

### 4.    The Defendants' Interests

There is very little, if any, prejudice to any of the defendants in this action that would result from the stay sought by the Government.   Defendants in parallel criminal cases (such as Bhardwaj, Kakkera, and Saeedi here) typically have an interest in not being deposed because, if they assert their Fifth Amendment privilege, an adverse inference may be drawn against them in the civil case.   *See Baxter* v. *Palmigiano*, 425 U.S. 308, 318 (1976) (Fifth Amendment does not forbid adverse inferences against parties to civil actions).   But as one district court has noted, "[t]he specter of parties and witnesses invoking their Fifth Amendment rights would render discovery largely one-sided; the SEC would produce scores of documents and witness testimony only to be precluded from gathering reciprocal discovery from the defendants."   *Nicholas*, 569 F. Supp. 2d. at 1070.

As a result, in this instance, granting the requested stay of the SEC Case to permit the Criminal Case to proceed to its conclusion would actually benefit Bhardwaj, Kakkera, and Saeedi, because such a stay obviates forcing them to make the choice between being prejudiced in the SEC Case if they assert their Fifth Amendment rights or being prejudiced in the Criminal Case if they waive those rights.

- 9 -

Moreover, any potential concerns about the loss of evidence, *see Trustees of Plumbers*, 886 F. Supp. at 1140, are inapposite because witnesses and document custodians have already gathered and produced to the Government and the SEC a significant volume of relevant documents, ensuring that those materials would be available for future discovery in this action.   Furthermore, the substantial overlap in witnesses mitigates any potential concerns about memories fading because interview notes and trial testimony in the Criminal Case will preserve the memories of the witnesses in this action.   *See Tuzman*, 2016 WL 1122029, at *6.

Finally, as discussed above, all of the defendants (including the relief defendants) in this action do not oppose the requested order to stay this case.

### 5.    The Court's Interests

Considerations of judicial economy also weigh in favor of granting a stay.   Issues common to both cases can be resolved in the criminal proceeding, thereby simplifying the SEC Case.   *See SEC* v. *Contorinis*, 2012 WL 512626, at *2 (S.D.N.Y. Feb. 3, 2012) ("Courts in this district have consistently found that a defendant convicted of securities fraud in a criminal proceeding is collaterally estopped from relitigating the underlying facts in a subsequent civil proceeding."); *SEC* v. *One or More Unknown Purchasers of Secs. of Global Indus*., 2012 U.S. Dist. LEXIS 162772, at *12 (S.D.N.Y. Nov. 9, 2012) ("[T]he Civil Case is likely to benefit to some extent from the Criminal Case no matter its outcome."); *Twenty First Century Corp.* v. *LaBianca*, 801 F. Supp. at 1010-11 (recognizing judicial economy as a factor to be considered).   Because the Criminal Case's outcome will undoubtedly affect the conduct, scope, and result of the SEC Case, thereby streamlining issues in this matter and avoiding duplication of effort and judicial resources, this factor favors the Government's application.

6.      **The Public Interest**

The Government and the public have an important interest in insuring that civil discovery is not used to circumvent the restrictions that pertain to criminal discovery — restrictions that, *inter alia*, preserve the truth-seeking functions of the criminal process by restraining the ability of criminal defendants to tailor testimony, suborn perjury, manufacture evidence, or intimidate witnesses.   *See United States* v. *Percevault*, 490 F.2d 126, 129 (2d Cir. 1974) (noting that the Jencks Act, 18 U.S.C. § 3500, "represents a legislative determination that access to a witness' statements could be useful in impeaching a witness but was not intended to be utilized in preparation for trial"); *United States* v. *McCarthy*, 292 F. Supp. 937, 942 (2d Cir. 1968) ("The claimed need to see such statements in advance in order to prepare to rebut them is little more than open notice of an intention to tailor testimony to fit the statement."); *Nicholas*, 569 F. Supp. 2d at 1070 (the criminal rules were "purposefully limited so as to prevent perjury and manufactured evidence, to protect potential witnesses from harassment and intimidation, and to level the playing field between the government and the defendant, who would be shielded from certain discovery by the Fifth Amendment").

Rule 16 of the Federal Rules of Criminal Procedure expressly limits the documents that are subject to discovery in a criminal case and further states that it does not "authorize the discovery . . . of statements made by government witnesses or prospective government witnesses except as provided in 18 U.S.C. § 3500."   Fed. R. Crim. P. 16(a)(2).   Title 18, United States Code, Section 3500 provides that in criminal cases, the statements of Government witnesses—such as witness testimony taken by the SEC — shall not be "the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."   The public policy against premature disclosure of the Government's criminal case is so strong that courts are without power

- 11 -

to order early production of witness statements.   *See United States* v. *Coppa (In re United States)*, 267 F.3d 132, 145 (2d Cir. 2001) (noting that "[w]e have previously held that the Jencks Act prohibits a District Court from ordering the pretrial disclosure of witness statements," and granting petition for a writ of mandamus to reverse district court's order for early disclosure of 3500 material); *In re United States*, 834 F.2d 283, 286-87 (2d Cir. 1987) (granting mandamus to vacate order requiring pretrial production of witness statements); *Percevault*, 490 F.2d at 129, 131 (noting that "the prosecution cannot be compelled to disclose statements of the witness before he has testified on direct examination," and reversing order suppressing witnesses' testimony on the grounds that the Government did not produce witness statements in advance of trial despite being ordered to do so).   Moreover, except under "exceptional circumstances" and pursuant to court order, the criminal rules do not provide for depositions as a means of discovery.   *See In re Ahead By A Length, Inc.*, 78 B.R. 708, 711 (S.D.N.Y. 1987); Fed. R. Crim. P. 15.

Courts repeatedly have recognized that a civil litigant should not be allowed to use civil discovery to avoid the restrictions that would otherwise pertain in criminal discovery to a criminal defendant.   *See SEC* v. *Beacon Hill Asset Mgmt. LLC*, 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (in context of request for civil stay of discovery due to pending criminal investigation, "[t]he principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases"); *Phillip Morris Inc.* v. *Heinrich*, 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (without a stay, defendants "may have an opportunity to gain evidence to which they are not entitled under criminal discovery rules"); *Governor of the Fed'l Reserve Sys.* v. *Pharaon*, 140 F.R.D. at 639 ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he

would not otherwise be entitled to for use in his criminal trial") (quoting *Campbell* v. *Eastland*, 307 F.2d 478, 487 (5th Cir. 1952)); *In re Ivan F. Boesky Secs. Litig.*, 128 F.R.D. 47, 49 (S.D.N.Y. 1989) ("the public interest in the criminal case is entitled to precedence over the civil litigant").

\*          \*          \*

In sum, because there is virtually complete overlap between the parallel proceedings; Bhardwaj, Kakkera, and Saeedi have already been indicted in the Criminal Case; there is a strong public interest in preventing the civil discovery rules from being used to improperly circumvent criminal discovery rules; any discovery would be improperly asymmetrical; and a resolution of the Criminal Case will preserve judicial resources and streamline this action, the balance of factors overwhelmingly favors the requested discovery stay.

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that its application to intervene and for a stay be granted in its entirety.

Dated: New York, New York
        October 27, 2022

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:    /s/ _____
       Richard Cooper / Noah Solowiejczyk
       Assistant United States Attorneys
       United States Attorney's Office
       One Saint Andrew's Plaza
       New York, New York 10007
       (212) 637-1027 / -2473

- 13 -