**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | |
| **Plaintiff,** | |
| **-against-** | |
| **AMIT BHARDWAJ, DHIRENKUMAR PATEL, SRINIVASA KAKKERA, ABBAS SAEEDI, and RAMESH CHITOR,** | **1:22-cv-06277 (ALC)** |
| **Defendants,** | |
| **-and-** | |
| **GAURI SALWAN, THE KAKKERA FAMILY TRUST, ALL US TACOS INC., and JANYA SAEEDI,** | |
| **Relief Defendants.** | |

[~~PROPOSED~~] **FINAL JUDGMENT AS TO DEFENDANT ABBAS SAEEDI**

The Securities and Exchange Commission having filed a Complaint and Defendant

Abbas Saeedi ("Defendant") having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final

Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from

this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

1

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $691,104.73, representing his ill-gotten gains as a result of the

conduct alleged in the Complaint, together with prejudgment interest in the amount of $28,133.56. However, Defendant's obligation to pay disgorgement and prejudgment interest shall be deemed satisfied upon entry of this Final Judgment by the order of forfeiture entered against him in *United States v. Abbas Saeedi*, Crim. No. 22 CR 398 (GHW) (S.D.N.Y.) (Dkt. Nos. 127/130).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  June 13, 2024

_____
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

---

**SECURITIES AND EXCHANGE**
**COMMISSION,**

Plaintiff,

-against-

**AMIT BHARDWAJ, DHIRENKUMAR**
**PATEL, SRINIVASA KAKKERA,**
**ABBAS SAEEDI, and RAMESH CHITOR,**

Defendants,

-and-

**GAURI SALWAN, THE KAKKERA**
**FAMILY TRUST, ALL US TACOS INC., and**
**JANYA SAEEDI,**

Relief Defendants.

1:22-cv-06277 (ALC)

---

## CONSENT OF DEFENDANT ABBAS SAEEDI

1.      Defendant Abbas Saeedi ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Defendant has pleaded guilty to criminal conduct relating to certain matters alleged in the complaint in this action.  Specifically, in *United States v. Abbas Saeedi*, Crim. No. 22 CR 398 (GHW) (S.D.N.Y.), Defendant pleaded guilty to conspiracy to commit securities fraud and wire fraud [18 U.S.C. § 371].  In connection with that plea, Defendant admitted the facts set out in the transcript of his plea allocution that is attached as Exhibit A to this Consent.

1

3.      Defendant hereby consents to the entry of the Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things, (a) permanently restrains and enjoins Defendant from violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], (b) orders that Defendant is liable for disgorgement in the amount of $691,104.73 and prejudgment interest in the amount of $28,133.56, which will be deemed satisfied by the order of forfeiture entered against him in *United States v. Abbas Saeedi*, Crim. No. 22 CR 398 (GHW) (S.D.N.Y.) (Dkt. Nos. 127/130); and (c) prohibits Defendant from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

4.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.      Defendant will not oppose the enforcement of the Final Judgment on the ground,
if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and
hereby waives any objection based thereon.

9.      Defendant waives service of the Final Judgment and agrees that entry of the Final
Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant
of its terms and conditions.  Defendant further agrees to provide counsel for the Commission,
within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit
or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.      Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims
asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or
representation has been made by the Commission or any member, officer, employee, agent, or
representative of the Commission with regard to any criminal liability that may have arisen or
may arise from the facts underlying this action or immunity from any such criminal liability.
Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding,
including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges
that the Court's entry of a permanent injunction may have collateral consequences under federal
or state law and the rules and regulations of self-regulatory organizations, licensing boards, and
other regulatory organizations.  Such collateral consequences include, but are not limited to, a
statutory disqualification with respect to membership or participation in, or association with a
member of, a self-regulatory organization.  This statutory disqualification has consequences that
are separate from any sanction imposed in an administrative proceeding.  In addition, in any
disciplinary proceeding before the Commission based on the entry of the injunction in this

action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e),  Defendant acknowledges the guilty plea for related conduct described in paragraph 2 above, and:  (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).  If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket.  Nothing in this paragraph

affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.    In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.


Dated: 3-19-2024                               _____
                                              Abbas Saeedi

    On 19th MARCH, 2024, ABBAS SAEEDI, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.


                                              _____
                                              Notary Public
                                              Commission expires: June 24, 2027

                                              MAHESH D. MODY
                                              COMM. # 2451486
                                              NOTARY PUBLIC · CALIFORNIA
                                              ALAMEDA COUNTY
                                              COMM. EXPIRES JUNE 24, 2027

Approved as to form:


_____
William Newman
Oberheiden P.C.
will@federal-lawyer.com
Attorney for Defendant


6

# Exhibit A

N97CsaeP

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,

 4               v.                        22 Cr. 398 (GHW)

 5   ABBAS SAEEDI,

 6                 Defendant.

 7   ------------------------------x

 8                                    New York, N.Y.
                                      September 7, 2023
 9                                    9:00 a.m.

10
     Before:
11
                      HON. GREGORY H. WOODS,
12
                                      District Judge
13
                           APPEARANCES
14
     DAMIAN WILLIAMS,
15        United States Attorney for the
          Southern District of New York
16   BY:  ADAM S. HOBSON
          Assistant United States Attorney
17
     WILLIAM H. NEWMAN
18        Attorney for Defendant

19   ALSO PRESENT:

20   Special Agent Kristin Allain, FBI
     Special Agent Jordan Avery, FBI
21

22

23

24

25
```

N97CsaeP

```
 1                (Case called)
 2                MR. HOBSON:  Good morning, your Honor.  Adam Hobson
 3      for the government.  I'm joined by Special Agents Kristin
 4      Allain and Jordan Avery from the Federal Bureau of
 5      Investigation.
 6                THE COURT:  Good.  Thank you very much.  Good morning.
 7                MR. NEWMAN:  Good morning, Judge.  For the defense, my
 8      name is Will Newman from Oberheiden PC.
 9                THE COURT:  Very good.  Thank you very much.  Good
10      morning.
11                So, Mr. Saeedi, I've been informed that you wish to
12      plead guilty to Count Eight of the indictment, that's
13      No. 22 Cr. 398; is that correct?
14                THE DEFENDANT:  Yes, sir.
15                THE COURT:  Mr. Saeedi, before I accept your plea, I'm
16      going to ask you a number of questions so that I can establish
17      to my satisfaction that you wish to plead guilty because you
18      are in fact guilty and not for some other reason, and also to
19      ensure that you know what rights you'll be giving up if you
20      choose to proceed and enter a guilty plea in this matter.
21                Mr. Saeedi, if you don't understand any of my
22      questions or if you'd like to confer with your counsel at any
23      time during the course of today's proceeding, please don't
24      hesitate to let me know, I'd be happy to give you as much time
25      as you'd like to confer with your counsel, and I'd be happy to
```

N97CsaeP

1    clarify any of my questions if it will be helpful for you.

2            So, Mr. Saeedi, because I'm going to be asking you a

3    number of questions, I'd like to ask you to please stand to

4    take an oath to answer my questions truthfully.

5            (Defendant sworn)

6            Mr. Saeedi, you're now under oath, which means that if

7    you answer any of my questions falsely, you may be prosecuted

8    for the separate crime of perjury or making false statements.

9    The government has the right to use any statement that you make

10   under oath against you in such a prosecution.

11           Do you understand that?

12           THE DEFENDANT:  Yes.

13           THE COURT:  Thank you.

14           So first, Mr. Saeedi, what's your full name?

15           THE DEFENDANT:  Abbas Saeedi.

16           THE COURT:  Thank you.

17           How old are you?

18           THE DEFENDANT:  I was born in 1975.

19           THE COURT:  I'm sorry.  How old are you?

20           THE DEFENDANT:  48.

21           THE COURT:  Thank you.

22           Where were you born?

23           THE DEFENDANT:  I was born in India, Rohtak, India.

24           THE COURT:  Thank you.

25           Are you a United States citizen?

N97CsaeP

```
 1                    THE DEFENDANT:  Yes, sir.

 2                    THE COURT:  Thank you.

 3                    How far did you go in school?

 4                    THE DEFENDANT:  I did master's.

 5                    THE COURT:  Can you describe for me, please, briefly,

 6      your employment experience, what kind of jobs have you had?

 7                    THE DEFENDANT:  I started as an engineer.  So I worked

 8      as an engineer for about 12, 13 years.  After that, I was -- I

 9      studied accounting and business, so I did accounting, taxes.

10                    THE COURT:  Thank you.

11                    Mr. Saeedi, have you ever been treated or hospitalized

12      for any mental illness?

13                    THE DEFENDANT:  No.

14                    THE COURT:  Are you currently or have you recently

15      been under the care of a physician, psychiatrist, or

16      psychologist?

17                    THE DEFENDANT:  No.

18                    THE COURT:  Are you currently or have you recently

19      been hospitalized or treated for drug addiction?

20                    THE DEFENDANT:  No.

21                    THE COURT:  Within the past 24 hours, Mr. Saeedi, have

22      you used or taken any alcohol, drugs, or medication?

23                    THE DEFENDANT:  No.

24                    THE COURT:  Is your mind clear today?

25                    THE DEFENDANT:  Yes.
```

N97CsaeP

1              THE COURT:  You understand what's happening in this

2    proceeding?

3              THE DEFENDANT:  Absolutely, yes.

4              THE COURT:  Thank you.

5              Mr. Saeedi, have you received a copy of the indictment

6    that's pending against you?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Have you had enough of a chance to discuss

9    with your lawyer the case in general and, in particular, the

10   charge to which you intend to plead guilty and any possible

11   defenses to that charge?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  Has your lawyer explained to you the

14   consequences of entering a plea of guilty?

15             THE DEFENDANT:  Yes.

16             THE COURT:  And are you fully satisfied with your

17   lawyer's representation of you?

18             THE DEFENDANT:  Yes.

19             THE COURT:  Thank you.

20             Let me turn to counsel for defendant.

21             Counsel, have you discussed this matter with your

22   client?

23             MR. NEWMAN:  Yes, I have, Judge.

24             THE COURT:  Thank you.

25             Is he capable of understanding the nature of these

N97CsaeP

```
 1    proceedings?
 2               MR. NEWMAN:  Yes, he is.
 3               THE COURT:  Counsel, do either of you have any doubt
 4    as to the defendant's competence to plead at this time?
 5               MR. HOBSON:  No, your Honor.
 6               MR. NEWMAN:  And I do not either.
 7               THE COURT:  Thank you.
 8               On the basis of Mr. Saeedi's responses to my
 9    questions, my observations of his demeanor here in court, and
10    the representations of counsel, I find that the defendant is
11    competent to enter a plea of guilty at this time.
12               Now, Mr. Saeedi, before we turn to your plea, I'm
13    going to explain a number of constitutional rights that you
14    have.  I'm doing this because these are rights that you'll be
15    giving up if you choose to proceed and enter a guilty plea in
16    this case.  Again, please listen carefully to what I'm about to
17    say, and if you don't understand something, please don't
18    hesitate to stop me.  Your lawyer or I will be happy to explain
19    the matter more fully.
20               So first, Mr. Saeedi, you have the right to plead
21    guilty to the charges against you contained in this indictment.
22               Do you understand that?
23               THE DEFENDANT:  Yes.
24               THE COURT:  If you did plead not guilty, Mr. Saeedi,
25    you'd be entitled to a speedy and public trial by a jury on the
```

N97CsaeP

 1    charges against you contained in the indictment.

 2              Do you understand that?

 3              THE DEFENDANT:  Yes.

 4              THE COURT:  At a trial, Mr. Saeedi, you'd be presumed

 5    to be innocent and the government would be required to prove

 6    you guilty by competent evidence beyond a reasonable doubt

 7    before you could be found guilty.

 8              Do you understand that?

 9              THE DEFENDANT:  Yes.

10              THE COURT:  A jury of 12 people would have to agree

11    unanimously that you were guilty and you would not have to

12    prove that you were innocent if you were to go to trial.

13              Do you understand that?

14              THE DEFENDANT:  Yes.

15              THE COURT:  At trial and at every stage of your case,

16    Mr. Saeedi, you'd be entitled to be represented by a lawyer.

17    If you could not afford a lawyer, one would be appointed for

18    you at public expense, that is free of cost.

19              Do you understand that?

20              THE DEFENDANT:  Yes.

21              THE COURT:  During a trial, the witnesses for the

22    government would have to come to court and testify in your

23    presence and your lawyer could cross examine the government's

24    witnesses and object to evidence offered by the government.

25              Do you understand that?

N97CsaeP

1           THE DEFENDANT:  Yes.

2           THE COURT:  At a trial, you would also have the

3   opportunity to offer evidence on your own behalf if you wished

4   to do so and you would have the right to compel witnesses to

5   come to court to testify in your defense.

6           Do you understand that?

7           THE DEFENDANT:  Yes.

8           THE COURT:  At a trial, Mr. Saeedi, you would have the

9   right to testify if you chose to do so, but you would also have

10  the right not to testify.  If you decided not to testify, no

11  one, including the jury, could draw any inference or suggestion

12  of guilt from the fact that you did not testify.

13          Do you understand that?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Mr. Saeedi, do you understand that by

16  pleading guilty, you're giving up your right to seek

17  suppression of any evidence against you that the government may

18  have obtained improperly?

19          THE DEFENDANT:  Yes.

20          THE COURT:  If you're convicted at trial, Mr. Saeedi,

21  you would have the right to appeal that verdict.

22          Do you understand that?

23          THE DEFENDANT:  Yes.

24          THE COURT:  And even now, Mr. Saeedi, as you're

25  preparing to enter this plea, you have the right to change your

N97CsaeP

1    mind and to plead not guilty and to go to trial on the charges

2    against you contained in the indictment.

3            Do you understand that?

4            THE DEFENDANT:  Yes.

5            THE COURT:  Mr. Saeedi, if you plead guilty, you will

6    also have to give up your right not to incriminate yourself.  I

7    say that because I expect that later during today's proceeding,

8    I will ask you questions about what you did in order to satisfy

9    myself that you're guilty of the offense to which you are

10   pleading guilty and you will have to admit and acknowledge your

11   guilt.

12           Do you understand that?

13           THE DEFENDANT:  Yes.

14           THE COURT:  Now, Mr. Saeedi, if you plead guilty and

15   if I accept your plea, you will give up your right to a trial

16   and the other rights that I just discussed with you, other than

17   your right to a lawyer, which you have regardless of whether or

18   not you plead guilty, but there will be no trial and I will

19   enter a judgment of guilty and a sentence on the basis of your

20   plea.  There will be no appeal with respect to whether the

21   government could use the evidence that it has against you or

22   with respect to whether you did or did not commit this crime.

23           Do you understand that?

24           THE DEFENDANT:  Yes.

25           THE COURT:  Thank you.

N97CsaeP

1          Now, Mr. Saeedi, I've just reviewed a number of

2     important rights with you that you have.

3          Do you understand each and every one of those rights?

4          THE DEFENDANT:  Yes, I do.

5          THE COURT:  And are you willing to give up your right

6     to a trial and the other rights that I've just discussed with

7     you?

8          THE DEFENDANT:  Yes.

9          THE COURT:  So, Mr. Saeedi, I understand that you

10    received a copy of the indictment that contains the charges

11    against you.

12         Can I ask, have you read the indictment?

13         THE DEFENDANT:  Yes, I did.

14         THE COURT:  Thank you.

15         Mr. Saeedi, do you understand that Count Eight of the

16    indictment charges that from at least in or about the fall of

17    2021 up to and including at least April 2022, in the Southern

18    District of New York and elsewhere, you, together with others

19    known and unknown, conspired to commit securities fraud and

20    wire fraud, in violation of Title 18, United States Code,

21    Section 371?

22         Do you understand that that's the nature of the

23    charges against you?

24         THE DEFENDANT:  Yes.

25         THE COURT:  Thank you.

N97CsaeP

1          Counsel for the United States, can I please ask you to

2     state the elements of that offense.

3          MR. HOBSON:  Yes, your Honor.  Conspiracy under

4     Section 371 has three elements:

5          First, that the charged conspiracy existed;

6          Second, that the defendant intentionally joined and

7     participated in the conspiracy during the applicable time

8     period; and

9          Third, that at least one of the coconspirators

10    committed an overt act in furtherance of the conspiracy.

11         Here, as the Court noted, the conspiracy had two

12    objects:  Violation of securities fraud and wire fraud.

13         A violation of securities fraud has five elements:

14         First, that an individual — here, that individual

15    alleged to be Amit Bhardwaj — owed a duty of trust and

16    confidence to his company, Lumentum;

17         Second, that Bhardwaj violated that duty of trust and

18    confidence by providing material and nonpublic information to

19    the defendant;

20         Third, that Bhardwaj anticipated that the defendant

21    would use that material nonpublic information to trade

22    securities;

23         Fourth, that Bhardwaj anticipated receiving a personal

24    benefit of some kind in return; and

25         Fifth, that the defendant knew that Bhardwaj disclosed

N97CsaeP

| | |
|---|---|
| 1 | the information in breach of a duty of trust and confidence in |
| 2 | an anticipation of a personal benefit. |
| 3 | To prove wire fraud, the government would have to |
| 4 | prove: |
| 5 | First, that there was a scheme or artifice to defraud |
| 6 | or to obtain money or property by materially false and |
| 7 | fraudulent pretenses, representations, or promises; |
| 8 | Second, that the defendant knowingly participated in |
| 9 | the scheme or artifice to defraud with knowledge of its |
| 10 | fraudulent nature and with specific intent to defraud, or that |
| 11 | he knowingly and intentionally aided and abetted others in the |
| 12 | scheme; and |
| 13 | Third, that in execution of that scheme, the defendant |
| 14 | used or caused the use of interstate or international wires. |
| 15 | THE COURT:  Thank you. |
| 16 | Let me turn back to you, Mr. Saeedi. |
| 17 | Mr. Saeedi, do you understand that if you were to go |
| 18 | to trial, the government would be required to prove all of the |
| 19 | substantive elements of this offense beyond a reasonable doubt? |
| 20 | THE DEFENDANT:  Yes. |
| 21 | THE COURT:  Thank you. |
| 22 | And do you understand that the government would be |
| 23 | required to prove that venue was appropriate here in the |
| 24 | Southern District of New York, which includes Manhattan, New |
| 25 | York County, among other places, by a preponderance of the |

N97CsaeP

1    evidence?

2               THE DEFENDANT:  Yes.

3               THE COURT:  Thank you.

4               Now, Mr. Saeedi, I'm going to tell you the maximum

5    possible penalty for this crime.  The maximum means the most

6    that could possibly be imposed, it doesn't mean that is what

7    you'll necessarily receive.  Still, you have to understand that

8    by pleading guilty, you're exposing yourself to the possibility

9    of receiving any combination of punishments up to the maximum

10   that I'm about to describe.

11              Do you understand that?

12              THE DEFENDANT:  Yes, I do.

13              THE COURT:  Thank you.

14              First, Mr. Saeedi, I'm going to tell you about the

15   possible restrictions on your liberty.  The maximum term of

16   imprisonment for this crime is five years, which could be

17   followed by up to three years of supervised release.  If you

18   are sentenced to a term of supervised release, you will be

19   subject to supervision by the probation office, there will be

20   rules of supervised release that you will have to follow, and

21   if you violate those rules, you can be returned to prison

22   without a jury trial to serve additional time with no credit

23   for any time that you served in prison as a result of your

24   sentence and no credit for any time spent on post-release

25   supervision.  Mr. Saeedi, you should also understand that there

N97CsaeP

1    is no parole in the federal system and that if you are

2    sentenced to prison, you will not be released early on parole.

3              Do you understand that?

4              THE DEFENDANT:  Yes.

5              THE COURT:  Thank you.

6              Second, in addition to these restrictions on your

7    liberty, the maximum possible punishment also includes certain

8    financial penalties.  The maximum allowable fine is $250,000,

9    or twice the gross monetary gain derived from the offense or

10   twice the gross monetary lost to persons other than yourself,

11   whichever of those is greater.  In addition, I can order

12   restitution to any person or entity injured as a result of your

13   criminal conduct.  I can also order you to forfeit all property

14   derived from the offense or used to facilitate the offense.

15   Finally, I must also order a mandatory special assessment of

16   $100.

17             Counsel, before I proceed, do either of you wish to

18   correct or amend any of the penalties that I just described?

19             MR. HOBSON:  No, your Honor.

20             MR. NEWMAN:  No, Judge.

21             THE COURT:  Thank you.

22             Mr. Saeedi, do you understand that these are the

23   maximum possible penalties?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  Thank you.

N97CsaeP

1            Now, Mr. Saeedi, do you understand that as a result of

2      your guilty plea, you may lose certain valuable civil rights to

3      the extent that you have them or could otherwise obtain them

4      now, such as the right to vote, the right to hold public

5      office, the right to serve on a jury, and the right to possess

6      any kind of a firearm?

7            THE DEFENDANT:  Yes, your Honor.

8            THE COURT:  Thank you.

9            Mr. Saeedi, are you serving any other sentence, either

10     state or federal or, to your knowledge, are you being

11     prosecuted in state court for any crime?

12           THE DEFENDANT:  No, your Honor.

13           THE COURT:  Thank you.

14           Mr. Saeedi, do you understand that if your lawyer or

15     anyone else has attempted to predict what your sentence will

16     be, that their prediction could be wrong?

17           THE DEFENDANT:  Yes.

18           THE COURT:  Do you understand that the sentence

19     ultimately imposed may be different from any estimate that your

20     attorney may have given you?

21           THE DEFENDANT:  Yes, I do.

22           THE COURT:  Thank you.

23           That's good.  It's good because no one, not your

24     lawyer, not the government's lawyer, really no one can give you

25     any assurance of what your sentence is going to be.  I say that

N97CsaeP

```
 1   because I'm going to decide your sentence and I'm not going to
 2   do that now.
 3          Do you understand that?
 4          THE DEFENDANT:  Yes, I do.
 5          THE COURT:  Thank you.
 6          Mr. Saeedi, before I impose your sentence, I will
 7   review a presentence report that will be prepared by the
 8   probation department.  You and your counsel and counsel for the
 9   United States will have the opportunity to challenge the facts
10   that are reported in the presentence report, and also the
11   application of the advisory sentencing guidelines that are
12   recommended by the probation officer.  I'm obliged to do my own
13   independent calculation of the advisory sentencing guidelines
14   range that applies in your case.  After your initial advisory
15   guidelines range has been determined, I have the authority in
16   some circumstances to depart upward and downward from that
17   range.  Ultimately, I'll determine what a reasonable sentence
18   is for you based on a number of sentencing factors contained in
19   the relevant statute, which can be found at 18, United States
20   Code, Section 3553(a).  That may result in the imposition of a
21   sentence that's either greater or lesser than the advisory
22   sentencing guidelines range.
23          Do you understand all of this?
24          THE DEFENDANT:  Yes, I do.
25          THE COURT:  And have you and your attorney discussed
```

N97CsaeP

| | |
|---|---|
| 1 | how the advisory sentencing guidelines might apply in your |
| 2 | case? |
| 3 | THE DEFENDANT:  Yes, we have. |
| 4 | THE COURT:  Thank you. |
| 5 | Now, Mr. Saeedi, even if your sentence is different |
| 6 | from what your lawyer or anyone else has told you it might be, |
| 7 | even if it's different from what you expect or from what's |
| 8 | contained in a written plea agreement that you've entered into |
| 9 | with the United States, you will still be bound by your guilty |
| 10 | plea and you will not be permitted to withdraw your plea of |
| 11 | guilty. |
| 12 | Do you understand that? |
| 13 | THE DEFENDANT:  Yes, I do. |
| 14 | THE COURT:  Thank you. |
| 15 | Mr. Saeedi, I've just reviewed a number of possible |
| 16 | consequences of your plea. |
| 17 | Do you understand all of the possible consequences of |
| 18 | your plea that I've just gone over with you? |
| 19 | THE DEFENDANT:  Yes, your Honor. |
| 20 | THE COURT:  Thank you. |
| 21 | Now, I understand that there is a written plea |
| 22 | agreement entered into between you and your lawyer and the |
| 23 | lawyer for the United States.  I have the original letter plea |
| 24 | agreement, which is dated July 31, 2023, to your lawyers, |
| 25 | Mr. Oberheiden and Mr. Newman, from Assistant United States |

N97CsaeP

1      Attorney Hobson.  I'm going to mark this as Court Exhibit 1 and

2      I'm going to hand it forward to the government to retain in its

3      possession.

4              Before I hand it up to the government, however, if I

5      can, Mr. Saeedi, I'd like to ask you some questions about the

6      agreement, if I may.

7              So first, Mr. Saeedi, did you sign the original of the

8      plea agreement on the last page?

9              THE DEFENDANT:  Yes, I did.

10             THE COURT:  Thank you.

11             Did you do that today in the presence of your lawyer?

12             THE DEFENDANT:  Yes, I did.

13             THE COURT:  Did you read the agreement before you

14     signed it?

15             THE DEFENDANT:  Yes.

16             THE COURT:  Did you discuss it with your lawyer before

17     you signed it?

18             THE DEFENDANT:  Yes, I had discussed it.

19             THE COURT:  Did you fully understand the agreement

20     before you signed it?

21             THE DEFENDANT:  Yes.

22             THE COURT:  Thank you.

23             Now, Mr. Saeedi, one of the features of your agreement

24     with the government is that you have agreed on the advisory

25     sentencing guidelines range that applies in this case.  You

N97CsaeP

should know, Mr. Saeedi, that that agreement is binding on you

and it's binding on the government, but it's not binding on me.

As I told you earlier, I have my own independent obligation to

determine what the correct guidelines range is in your case and

then what the appropriate sentence is.

Now, I'm not saying that I will come up with any range

that's different than the one that you've agreed to with the

government.  At this point, I just don't know.  But it's

important for you to understand, Mr. Saeedi, that if I do come

up with a range that's different from the one that you agreed

to with the government, I will not let you withdraw your plea

even if the range that I determine is higher than the one that

you've agreed to with the government.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Thank you.

Do you understand, Mr. Saeedi, that in some

circumstances, you or government may have the right to appeal

any sentence that I impose?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Thank you.

Now, Mr. Saeedi, in your plea agreement, you have

waived your right to appeal or otherwise challenge your

conviction and sentence in a number of ways.  You have, among

other things, agreed that you will not file a direct appeal or

N97CsaeP

 1    bring a collateral challenge, including but not limited to an

 2    application under Title 28, United States Code, Section 2255 or

 3    2241 of any sentence within or below the stipulated guidelines

 4    range of 37 to 46 months' imprisonment.

 5            Furthermore, you've agreed not to bring an appeal or a

 6    collateral challenge to any term of supervised release that is

 7    less than or equal to the statutory maximum.  You've also

 8    agreed not to appeal or bring a collateral challenge to any

 9    fine that is less than or equal to $150,000 and any forfeiture

10    amount that is less than or equal to $691,104.73.

11            Furthermore, you've agreed not to attack your

12    conviction and sentence on direct appeal collaterally on the

13    ground that the United States has failed to produce any

14    discovery material, other than information establishing your

15    factual innocence, including Jencks Act material, material

16    pursuant to *Brady v. Maryland*, and impeachment material

17    pursuant to *Giglio v. United States* that has not already been

18    produced as of the date of signing of the agreement.

19            Furthermore, you've agreed not to challenge your

20    conviction or sentence on direct appeal or through litigation

21    under Title 28, United States Code, Section 2255 or 2241 on the

22    basis of any actual or perceived consequences resulting from

23    your guilty plea and conviction.

24            Mr. Saeedi, do you understand the rights to appeal or

25    otherwise challenge your conviction and sentence that you have

N97CsaeP

1   waived in your plea agreement?

2            THE DEFENDANT:  Yes, your Honor.

3            THE COURT:  And are you willing to waive those rights?

4            THE DEFENDANT:  Yes, your Honor.

5            THE COURT:  Now, Mr. Saeedi, does this written plea

6   agreement constitute your complete and total understanding of

7   the entire agreement between you and the government?

8            THE DEFENDANT:  Yes, it does.

9            THE COURT:  Has anything been left out?

10           THE DEFENDANT:  I do not think so.

11           THE COURT:  Thank you.

12           Mr. Saeedi, other than what's written in this

13   agreement, has anyone made any promise to you or offered you

14   any inducement to plead guilty or to sign the plea agreement?

15           THE DEFENDANT:  No, your Honor.

16           THE COURT:  Has anyone threatened you or forced you to

17   plead guilty or to sign the plea agreement?

18           THE DEFENDANT:  No.

19           THE COURT:  Has anyone made a promise to you as to

20   what your sentence will be?

21           THE DEFENDANT:  No.

22           THE COURT:  Thank you.

23           So, Mr. Saeedi, I told you earlier that there would

24   come a time in today's proceeding when I would turn to you to

25   ask you to tell me what it is that you did that makes you

N97CsaeP

1    believe that you are guilty of this offense.  Now is that time.

2    Would you please tell me what you did that makes you believe

3    that you are guilty of this offense.

4            THE DEFENDANT:  Yes.  So, your Honor, I'm guilty of

5    insider trading.  I did receive -- I traded on Neophotonics

6    stocks, which was public -- nonpublic material information.  I

7    had an acquaintance working in Lumentum who had provided me

8    with that information and I traded on that information,

9    although I knew that person was working for Lumentum and I

10   benefited and profited from that trading.

11           THE COURT:  I'm sorry.  Could you repeat that last

12   sentence again.

13           THE DEFENDANT:  I benefited and profited by trading

14   based on the information which was provided to me by this

15   person who was working for this company, Lumentum, and I did

16   know that this person was an insider.

17           THE COURT:  Thank you.

18           So you knew that Mr. Bhardwaj owed his company a duty

19   of trust; is that right?

20           THE DEFENDANT:  Yes, your Honor.

21           THE COURT:  Thank you.

22           And did you know that providing the material nonpublic

23   information to you, that he was violating his duty to the

24   company?

25           THE DEFENDANT:  Yes, your Honor.

N97CsaeP

1          THE COURT:  Thank you.

2          Is it your understanding that Mr. Bhardwaj anticipated

3     that you would trade on that information?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Thank you.

6          And that he would receive some benefit as a result?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  Thank you.

9          And did you know at the time that Mr. Bhardwaj had

10    disclosed the information in violation of his duty of trust to

11    his company and that he anticipated benefit as a result?

12         THE DEFENDANT:  Yes, your Honor.

13         THE COURT:  Thank you.

14         And had you entered into an agreement with him with

15    respect to the trading activities that you described?

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  Thank you.

18         Mr. Saeedi, when you did those things, did you know

19    that what you were doing was wrong and illegal?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  Thank you.

22         Counsel for defendant, do you know of any valid

23    defense that would prevail at trial or do you know of any

24    reason why your client should not be permitted to plead guilty?

25         MR. NEWMAN:  I do not, Judge.

N97CsaeP

```
1              THE COURT:  Thank you.

2              Counsel, what additional questions would you like me

3    to ask the defendant?

4              MR. HOBSON:  Is that directed to counsel for the

5    government?

6              THE COURT:  I'm sorry.  Yes.  I apologize.  Thank you.

7    Go ahead.

8              MR. HOBSON:  Your Honor, that allocution is sufficient

9    from our perspective.

10             I would just proffer for the record that trading

11   records would show that some of the insider trades were made in

12   brokerage accounts that are in New York City.

13             THE COURT:  Thank you.

14             Counsel, could I ask you to briefly summarize the

15   government's evidence against the defendant were you to proceed

16   to trial.  Go ahead.

17             MR. HOBSON:  Yes, your Honor.  The evidence would

18   include, among other things, cooperating witnesses who were

19   members of this insider trading conspiracy who would testify

20   about Bhardwaj's passing them material nonpublic information to

21   trade on and who also will testify about the attempted coverup

22   after the conspiracy, which Mr. Saeedi was also involved.  It

23   would include phone records showing communications between the

24   conspirators, bank and brokerage records showing the actual

25   trades, and it would also include documents from Lumentum that
```

N97CsaeP

1   would show Bhardwaj's possession of material nonpublic

2   information and his duty of trust and confidence to the

3   company.

4              THE COURT:  Thank you.

5              So let me turn to each of you, counsel.

6              Counsel, do each of you agree there's a sufficient

7   factual predicate for a guilty plea?  Counsel for the United

8   States.

9              MR. HOBSON:  Yes, your Honor.

10             THE COURT:  Thank you.

11             Counsel.

12             MR. NEWMAN:  Yes, Judge.

13             THE COURT:  Thank you.

14             Do either of you know of any reason that I should not

15  accept the defendant's plea of guilty?

16             MR. HOBSON:  No, your Honor.

17             MR. NEWMAN:  I do not, Judge.

18             THE COURT:  Thank you.

19             Mr. Saeedi, can I ask you to please stand.  Thank you.

20             Mr. Saeedi, Count Eight of the indictment charges that

21  from at least in or about the fall of 2021 up to and including

22  at least April 2022, in the Southern District of New York and

23  elsewhere, you, together with others known and unknown,

24  conspired to commit securities fraud and wire fraud, in

25  violation of Title 18, United States Code, Section 371.

N97CsaeP

| | |
|---|---|
| 1 | How do you plead to this count? |
| 2 | THE DEFENDANT:  Guilty. |
| 3 | THE COURT:  Mr. Saeedi, there's a forfeiture |
| 4 | allegation with respect to Count Eight of the indictment.  Do |
| 5 | you admit the forfeiture allegations with respect to Count |
| 6 | Eight of the indictment? |
| 7 | THE DEFENDANT:  Yes. |
| 8 | THE COURT:  Thank you. |
| 9 | It is the finding of the Court in this case that |
| 10 | Mr. Saeedi is fully competent and capable of entering an |
| 11 | informed plea, that Mr. Saeedi is aware of the nature of the |
| 12 | charge and the consequences of the plea, and that the plea of |
| 13 | guilty is a knowing and voluntary plea supported by an |
| 14 | independent basis in fact containing each of the essential |
| 15 | elements of the offense.  The plea is therefore accepted and |
| 16 | Mr. Saeedi is now adjudged guilty of that offense. |
| 17 | Thank you, Mr. Saeedi.  You can be seated. |
| 18 | Mr. Saeedi, the probation department will want to |
| 19 | interview you in connection with the presentence report that I |
| 20 | described earlier. |
| 21 | Counsel for defendant, do you wish to be present for |
| 22 | any interview in connection with that report? |
| 23 | MR. NEWMAN:  I do, Judge. |
| 24 | THE COURT:  Thank you. |
| 25 | I order that there be no interview unless counsel is |

N97CsaeP

```
1    present.
2            Counsel for the United States, please arrange for the
3    probation office to receive your factual statement within seven
4    days.
5            Counsel for defendant, please arrange for Mr. Saeedi
6    to be interviewed by the probation department within the next
7    14 days.
8            Now, Mr. Saeedi, just briefly, if you choose to speak
9    to the probation department, I'd ask that anything that you may
10   choose to say be truthful and accurate.  The report is very
11   important for me in deciding what sentence to impose, I'm going
12   to read it very carefully.  I'm talking about this issue now
13   because you and your counsel have the right to review the draft
14   report and to comment on it to the probation department officer
15   who's drafting the report, so I wanted to take a moment to
16   encourage you to take advantage of that right.  I encourage you
17   to read the report and to discuss it with your lawyer before
18   sentencing.  If you see any mistakes in the report, please
19   point them out to your lawyer so that he can bring them to the
20   attention of the probation officer before the report is
21   finalized and, if necessary, can bring any concerns with the
22   substance of the report to my attention before sentence.
23           I'm going to set a sentencing date now.
24           Ms. Joseph, can I ask you to please propose a date.
25           THE DEPUTY CLERK:  January 4th, 2024, at 1:00 p.m.
```

N97CsaeP

```
1              THE COURT:  Thank you.
2              Counsel, does that date and time work for each of you?
3              MR. HOBSON:  Yes, your Honor.
4              THE COURT:  Thank you.
5              MR. NEWMAN:  Judge, I'm sorry.  I have another court
6    hearing on the same date, so I don't think that date would be
7    sufficient for me.
8              THE COURT:  That's fine.  We're happy to propose
9    another one.
10             Are you available that week?
11             MR. NEWMAN:  I am generally available that week, yes.
12             THE COURT:  Thank you.
13             Ms. Joseph.
14             THE DEPUTY CLERK:  January 3rd, 2024, at 1:00 p.m.
15             MR. NEWMAN:  That date works for the defense.
16             THE COURT:  Thank you.
17             Counsel for the United States.
18             MR. HOBSON:  Yes, your Honor, that's fine with us.
19             THE COURT:  Thank you.
20             Let me refer you, counsel, to my individual rules of
21   practice which contain rules regarding sentencing submissions.
22   You should review the relevant rules, but I want to flag just
23   one part of them now, which are the deadlines for sentencing
24   submissions.
25             In accordance with my individual rules, the
```

N97CsaeP

1   defendant's sentencing submissions are due two weeks prior to

2   sentencing, the government's are due one week prior to

3   sentencing.

4              So let's talk about the defendant's release status.

5              Counsel for defendant, can I hear a proffer from you

6   regarding risk of flight and danger to the community.

7              MR. NEWMAN:  There is almost no risk of flight.

8   Mr. Saeedi has routinely appeared in court during the pendency

9   of these charges, he has strong ties to his community in

10  California where his family is, where his two teenage daughters

11  are, and he has repeatedly shown that he is not a flight risk.

12  So there is very little risk that he will flee between now and

13  sentencing.

14             THE COURT:  Thank you.  What's your proffer on danger

15  to the community?

16             MR. NEWMAN:  None whatsoever.  He has no record of

17  violence or of any sort of violent crime.  The crime to which

18  he has pled guilty is not a violent crime.  He is not a danger

19  to the community.

20             THE COURT:  Thank you.

21             Counsel for the United States, is there any objection

22  to the present bond being continued until the date of sentence?

23             MR. HOBSON:  No, your Honor.

24             THE COURT:  Thank you.

25             Based on the proffer by counsel, I find that the

N97CsaeP

1  defendant is not likely to flee or pose a danger to the safety

2  of any other person or the community.  As a result, I'll permit

3  him to remain at liberty pending sentence, subject to the

4  continuance of the present bond conditions.

5          Now, Mr. Saeedi, do you understand that all of the

6  conditions on which you have been released up until now

7  continue to apply?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  And do you understand that a violation of

10 any of those conditions between now and sentencing can have a

11 very serious consequence for you at the time of sentencing?

12         THE DEFENDANT:  Yes, sir.

13         THE COURT:  Thank you.

14         Mr. Saeedi, you must be in this courtroom for

15 sentencing at the date and time that I've just ordered unless I

16 change it by written order.  If you are not, you will be guilty

17 of a separate crime, which is bail jumping, and you will be

18 subject to a fine and/or prison term in addition to whatever

19 sentence you may receive for the crime to which you've just

20 pleaded guilty.

21         Do you understand that?

22         THE DEFENDANT:  Yes, your Honor.

23         THE COURT:  Thank you.

24         Very good.  Thank you, all, counsel.

25         Is there anything else we should take up now before we

N97CsaeP

1  adjourn?  First, counsel for the United States.

2          MR. HOBSON:  No, your Honor.

3          THE COURT:  Thank you.

4          Counsel for defendant.

5          MR. NEWMAN:  No, Judge.

6          THE COURT:  Thank you very much.  This proceeding is

7  adjourned.

8                          *  *  *