**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>               **Plaintiff,**<br><br>    -against-<br><br>**AMIT BHARDWAJ, DHIRENKUMAR PATEL, SRINIVASA KAKKERA, ABBAS SAEEDI, and RAMESH CHITOR,**<br><br>          **Defendants,**<br><br>    -and-<br><br>**GAURI SALWAN, THE KAKKERA FAMILY TRUST, ALL US TACOS INC., and JANYA SAEEDI,**<br><br>          **Relief Defendants.** | **1:22-cv-06277 (ALC)** |

## [~~PROPOSED~~] FINAL JUDGMENT AS TO DEFENDANT AMIT BHARDWAJ

The Securities and Exchange Commission having filed a Complaint and Defendant Amit Bhardwaj ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $500,598.91, representing his ill-gotten gains as a result of the

conduct alleged in the Complaint, together with prejudgment interest in the amount of $44,885.11. However, Defendant's obligation to pay disgorgement and prejudgment interest shall be deemed satisfied upon entry of this Final Judgment by the order of forfeiture entered against him in *United States v. Amit Bhardwaj*, Crim. No. 22 CR 398 (GHW) (S.D.N.Y.) (Dkt. Nos. 58/116).

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

### V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

### VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  June 13, 2024

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>     **Plaintiff,**<br><br>  **-against-**<br><br>AMIT BHARDWAJ, DHIRENKUMAR PATEL, SRINIVASA KAKKERA, ABBAS SAEEDI, and RAMESH CHITOR,<br><br>     **Defendants,**<br><br>  **-and-**<br><br>GAURI SALWAN, THE KAKKERA FAMILY TRUST, ALL US TACOS INC., and JANYA SAEEDI,<br><br>     **Relief Defendants.** | 1:22-cv-06277 (ALC) |

## <u>CONSENT OF DEFENDANT AMIT BHARDWAJ</u>

1. Defendant Amit Bhardwaj ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Defendant has pleaded guilty to criminal conduct relating to certain matters alleged the complaint in this action.  Specifically, in *United States v. Amit Bhardwaj*, Crim. No. 22 CR 398 (GHW) (S.D.N.Y.), Defendant pleaded guilty to violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], conspiracy to commit securities fraud and wire fraud [18 U.S.C. § 371], and wire fraud [18 U.S.C. § 1343].  In connection with that plea, Defendant

1

admitted the facts set out in the transcript of his plea allocution that is attached as Exhibit A to this Consent.

3.      Defendant hereby consents to the entry of the Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things, (a) permanently restrains and enjoins Defendant from violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], (b) orders that Defendant is liable for disgorgement in the amount of $500,598.91 and prejudgment interest in the amount of $44,885.11, which will be deemed satisfied by the order of forfeiture entered against him in *United States v. Amit Bhardwaj*, Crim. No. 22 CR 398 (GHW) (S.D.N.Y.) (Dkt. Nos. 58/116); and (c) prohibits Defendant from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

4.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

2

8.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.      Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.      Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this

3

action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant acknowledges the guilty plea for related conduct described in paragraph 2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph

affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 3/15/24

_____
Amit Bhardwaj

On March 15th, 2024, Amit Bhardwaj, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: 12/27/2026

Approved as to form:

MADI OLSON
COMM. # 2432643
NOTARY PUBLIC • CALIFORNIA
CONTRA COSTA COUNTY
Comm. Exp. DEC. 27, 2026

_____
Max Nicholas
Max Nicholas LLC
40 Exchange Place, 18th Floor
New York, NY 10005
Direct: 646-741-0383
max@maxnicholasllc.com
Attorney for Defendant

# Exhibit A

N3M3BHAP

```
1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                          22 Cr. 398 (GHW)

5    AMIT BHARDWAJ,

6              Defendant.

7    ------------------------------x      Plea

8                                         New York, N.Y.
                                          March 22, 2023
9                                         2:00 p.m.

10

     Before:
11
                       HON. GREGORY H. WOODS,
12
                                          District Judge
13

14                        APPEARANCES

15   DAMIAN WILLIAMS
          United States Attorney for the
16        Southern District of New York
     NOAH D. SOLOWIEJCZYK
17        Assistant United States Attorney

18   SPEARS & IMES, LLP
          Attorneys for Defendant
19   MAX C. NICHOLAS
     KIERSTEN MEEHAN
20

21   ALSO PRESENT: Special Agent Jordan Avery, FBI

22

23

24

25
```

N3M3BHAP

1          THE DEPUTY CLERK:  In the matter of the United States

2     v. Bhardwaj.  Counsel, please state your appearance for the

3     record.

4          MR. SOLOWIEJCZYK:  Good afternoon, your Honor.  Noah

5     Solowiejczyk on behalf of the government.  I'm joined at

6     counsel's table by Special Agent Jordan Avery of the FBI.

7          THE COURT:  Very good.  Thank you very much.  Good

8     afternoon.

9          MR. NICHOLAS:  Good afternoon, your Honor.  Max

10    Nicholas and Kiersten Meehan for defendant Amit Bhardwaj, who

11    is standing between us.

12         THE COURT:  Very good.  Thank you very much.  Good

13    afternoon.  So, let's begin.

14         Mr. Bhardwaj, I've been informed that you wish to

15    plead guilty to Counts One through 13 of the indictment

16    numbered 22 Cr. 398.

17         Is that correct?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  Mr. Bhardwaj, for purposes of this

20    proceeding, I'll allow you to remain seated until I ask you to

21    stand.  I'll let you know when you need to stand.

22         THE DEFENDANT:  Thank you.

23         THE COURT:  So, Mr. Bhardwaj, before I accept your

24    guilty plea, I am going to ask you certain questions so I can

25    establish to my satisfaction that you wish to plead guilty

N3M3BHAP

1   because you are in fact guilty, and not for some other reason,

2   and also to ensure that you know what rights you'll be giving

3   up if you choose to proceed and enter a guilty plea in this

4   matter.

5          If you don't understand any of my questions during

6   today's proceeding for any reason, or if you'd like to consult

7   with your lawyer for any reason at any time during the

8   conference, please don't hesitate to let me know.  I would be

9   happy to clarify any of my questions, and I would be happy to

10  give you as much time as you'd like to confer with your

11  counsel.

12         So again, please don't hesitate to let me know if

13  you'd like to take a pause and discuss anything with your

14  lawyers, and don't hesitate to let me know if there is anything

15  I've said to you that is unclear.

16         So Mr. Bhardwaj, because I am going to be asking you a

17  number of questions, I'd like to ask you to please stand to

18  take an oath to answer my questions truthfully.

19         (Defendant sworn)

20         THE COURT:  You can be seated.

21         Mr. Bhardwaj, you are now under oath, which means if

22  you answer any of my questions falsely, you can be prosecuted

23  for the separate crime of perjury or making false statements.

24  The government would have the right to use any statement that

25  you make under oath against you in such a prosecution.

N3M3BHAP

1                    Do you understand that?

2                    THE DEFENDANT:  Yes.

3                    THE COURT:  So first, can you please tell me your full

4      name.

5                    THE DEFENDANT:  Amit Bhardwaj.

6                    THE COURT:  Mr. Bhardwaj, how old are you?

7                    THE DEFENDANT:  I'm 51.

8                    THE COURT:  Where were you born?

9                    THE DEFENDANT:  I was born in Bharili, India.

10                   THE COURT:  Are you a United States citizen?

11                   THE DEFENDANT:  Yes, your Honor.

12                   THE COURT:  Mr. Bhardwaj, can you tell me how far you

13     went in school?

14                   THE DEFENDANT:  Yes, your Honor.  I have a master's

15     degree.

16                   THE COURT:  Thank you.  What is your employment

17     experience?

18                   THE DEFENDANT:  I was employed until 2022.  I'm

19     unemployed right now.

20                   THE COURT:  What kinds of jobs have you had?

21                   THE DEFENDANT:  Mostly -- I've done consulting, IT

22     consulting.  IT has been my major profession.  Information

23     technology.

24                   THE COURT:  Thank you.

25                   Mr. Bhardwaj, have you ever been treated or

N3M3BHAP

1   hospitalized for any mental illness?

2           THE DEFENDANT:  No, your Honor.

3           THE COURT:  Are you currently or have you recently

4   been under the care of a physician, psychologist or

5   psychiatrist?

6           THE DEFENDANT:  No, your Honor.

7           THE COURT:  Mr. Bhardwaj, are you currently or have

8   you recently been hospitalized or treated for drug addiction?

9           THE DEFENDANT:  No, your Honor.

10          THE COURT:  Within the past 24 hours, have you used or

11  taken any alcohol or drugs or medication?

12          THE DEFENDANT:  No, your Honor.

13          THE COURT:  Is your mind clear today?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  Do you understand what's happening in this

16  proceeding?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  Mr. Bhardwaj, have you received a copy of

19  the indictment that's pending against you?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  Have you had enough of a chance to discuss

22  with your lawyers the case in general, and in particular, the

23  charges to which you intend to plead guilty, and any possible

24  defenses to those charges?

25          THE DEFENDANT:  Yes, your Honor.

N3M3BHAP

1          THE COURT:  Has your lawyer explained to you the

2     consequences of entering a plea of guilty?

3          THE DEFENDANT:  Yes, your Honor.

4          THE COURT:  Are you fully satisfied with your lawyer's

5     representation of you?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  So let me turn to counsel for defendant.

8     Counsel, have you discussed this matter with your client?

9          MR. NICHOLAS:  Yes, your Honor.

10          THE COURT:  Is he capable of understanding the nature

11     of these proceedings?

12          MR. NICHOLAS:  Yes, your Honor.

13          THE COURT:  Thank you.

14          Counsel, do either of you have any doubt as to the

15     defendant's competence to plead at this time?

16          MR. NICHOLAS:  No, your Honor.

17          MR. SOLOWIEJCZYK:  No, your Honor.

18          THE COURT:  Thank you.

19          On the basis of Mr. Bhardwaj's responses to my

20     questions, my observations of his demeanor here in court, and

21     the representations of counsel, I find that Mr. Bhardwaj is

22     competent to enter a plea of guilty at this time.

23          Now, Mr. Bhardwaj, before we turn to your plea, I am

24     going to explain a number of rights that you have.  These are

25     rights that you will be giving up if you choose to proceed and

N3M3BHAP

1    enter a guilty plea in this matter.  So again, please listen

2    carefully to what I'm about to say, and if you don't understand

3    something, don't hesitate to let me know.  I or your lawyer,

4    I'm sure, will be happy to explain the matter more fully.

5            So first off, Mr. Bhardwaj, you have the right to

6    plead not guilty to the charges against you contained in the

7    indictment.

8            Do you understand that?

9            THE DEFENDANT:  Yes, your Honor.

10           THE COURT:  If you did plead not guilty, you would be

11   entitled to a speedy and public trial by a jury on the charges

12   against you contained in this indictment.

13           Do you understand that?

14           THE DEFENDANT:  Yes, your Honor.

15           THE COURT:  At a trial, you would be presumed to be

16   innocent, and the government would be required to prove you

17   guilty by competent evidence beyond a reasonable doubt before

18   you could be found guilty.

19           Do you understand that?

20           THE DEFENDANT:  Yes, your Honor.

21           THE COURT:  Mr. Bhardwaj, a jury of 12 people would

22   have to agree unanimously that you were guilty, and you would

23   not have to prove that you were innocent if you were to go to

24   trial.

25           Do you understand that?

N3M3BHAP

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  At trial, and at every stage of your case,

3     you would be entitled to be represented by a lawyer.  If you

4     could not afford a lawyer, one would be appointed for you at

5     public expense, that is free of cost.

6          Do you understand that?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  During a trial, the witnesses for the

9     government would have to come to court and testify in your

10    presence, and your lawyer could cross-examine the government's

11    witnesses, and object to evidence offered by the government.

12         Do you understand that?

13         THE DEFENDANT:  Yes, your Honor.

14         THE COURT:  At trial, you would also have the

15    opportunity to offer evidence on your own behalf if you wished

16    to do so, and you would have the right to compel witnesses to

17    come to court to testify in your defense.

18         Do you understand that?

19         THE DEFENDANT:  Yes, your Honor.

20         THE COURT:  At trial, you would have the right to

21    testify if you chose to do so, but you would also have the

22    right not to testify.  And if you decided not to testify, no

23    one, including the jury, could draw any inference or suggestion

24    of guilt from the fact that you did not testify.

25         Do you understand that?

N3M3BHAP

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Do you understand that by pleading guilty,

3    you're giving up your right to seek suppression, that is

4    exclusion from trial, of any evidence against you that the

5    government may have obtained improperly?

6          THE DEFENDANT:  I understand.

7          THE COURT:  If you're convicted at trial,

8    Mr. Bhardwaj, you'd have the right to appeal that verdict.  Do

9    you understand that?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  Even now, as you're preparing to enter

12    this plea, you have the right to change your mind and to plead

13    not guilty and to go to trial on the charges against you

14    contained in this indictment.

15          Do you understand that?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  Now, Mr. Bhardwaj, if you plead guilty,

18    you will also have to give up your right not to incriminate

19    yourself.  I say that because I expect that later in today's

20    proceeding I will ask you questions about what you did in order

21    to satisfy myself that you are guilty as charged, and you will

22    have to admit and acknowledge your guilt.

23          Do you understand that?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  Mr. Bhardwaj, if you plead guilty and if I

N3M3BHAP

1    accept your plea, you will give up your right to a trial and

2    the other rights that I have just discussed with you, other

3    than your right to a lawyer, which you have regardless of

4    whether or not you plead guilty.  But there will be no trial,

5    and I will enter a judgment of guilty and sentence on the basis

6    of your plea.  There will be no appeal with respect to whether

7    the government could use the evidence that it has against you,

8    or with respect to whether you did or did not commit these

9    crimes.

10               Do you understand that?

11               THE DEFENDANT:  Yes, your Honor.

12               THE COURT:  Thank you.

13               So Mr. Bhardwaj, I've just reviewed a number of

14    important rights that you have.  Do you understand each and

15    every one of those rights?

16               THE DEFENDANT:  Yes, your Honor.

17               THE COURT:  Are you willing to give up your right to a

18    trial and the other rights that I've just discussed with you?

19               THE DEFENDANT:  Yes, your Honor.

20               THE COURT:  Thank you.

21               Mr. Bhardwaj, I understand that you've received a copy

22    of the indictment containing the charges against you.  Is that

23    right?

24               THE DEFENDANT:  Yes, your Honor.

25               THE COURT:  Thank you.  Have you read the indictment?

N3M3BHAP

1              THE DEFENDANT:  Yes, your Honor.

2              THE COURT:  Thank you.

3              Mr. Bhardwaj, do you understand that Count One charges

4    that from at least in or about November 2020, up to and

5    including at least in or about September 2021, in the Southern

6    District of New York and elsewhere, you, together with others,

7    known and unknown, conspired to commit securities fraud and

8    wire fraud in violation of Title 18, United States Code,

9    Section 371.

10             Do you understand that's the nature of the charge

11   against you in Count One?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  Thank you.

14             Counsel for the United States, can I ask you to please

15   state the elements of that offense.

16             MR. SOLOWIEJCZYK:  Yes, your Honor.  And these

17   elements are going to be the same for some of the other counts

18   as well.

19             THE COURT:  Thank you.

20             MR. SOLOWIEJCZYK:  So Count One charges a conspiracy

21   to commit Title 15 securities fraud, Title 18 securities fraud

22   and wire fraud.  So there are three objects, all in violation

23   of Title 18, United States Code, Section 371.  That offense has

24   the following elements:

25             First, that the charged conspiracy existed; second,

1    that the defendant intentionally joined and participated in

2    that conspiracy during the applicable time period; and third,

3    that at least one of the co-conspirators committed an overt act

4    in furtherance of the conspiracy.

5          The first object, as I mentioned, is Title 15

6    securities fraud in violation of Title 15, United States Code,

7    Section 78j(b) and 78ff, and 17 C.F.R. 240.10b-5.  That offense

8    has the following elements, your Honor:

9          First, that the defendant owed a duty of trust and

10   confidence, in this case a duty of trust and confidence to his

11   employer Lumentum; second, that Mr. Bhardwaj violated the duty

12   of trust and confidence, by, as to Count One, trading in the

13   stock of Coherent himself and also tipping other friends and

14   relatives with material non-public information.

15         If your Honor is interested, I could do this also as

16   to Count Seven, Eight, and Nine in the interest of efficiency.

17         THE COURT:  Please feel free.

18         MR. SOLOWIEJCZYK:  As to Count Seven, Eight, and Nine,

19   those counts relate to tipping other individuals -- Count Seven

20   relates to tipping his friend Srinivase Kakkera, Count Eight

21   relates to tipping his friend Abbas Saeedi, and Count Nine

22   relates to tipping his friend Ramesh Chitor -- as to Lumentum's

23   plans to acquire another company called Neophotonics.

24         The third element of Title 15 securities fraud is that

25   Bhardwaj anticipated that the persons receiving the information

N3M3BHAP

1    would use that material non-public information to trade

2    securities; and fourth, that the defendant, in providing the

3    information to the person receiving that information,

4    anticipated receiving a personal benefit of some kind.  Under

5    the law, personal benefit can include, among other things, a

6    gift to a particular recipient, such as a gift to a friend or a

7    relative that the insider intends to benefit.  So that's Title

8    15 securities fraud.

9            The second object, and this is as to Counts One,

10   Seven, Eight, and Nine, which all charge conspiracy in

11   violation of Title 18, United States Code, 371.  The second

12   object is securities fraud in violation of 18 U.S.C. 1348.

13   That offense has the following elements:

14           First, that the defendant executed a scheme to defraud

15   a person or to obtain money or property by materially false and

16   fraudulent pretenses, representations, or promises; second,

17   that the defendant participated in the scheme knowingly and

18   with an intent to defraud; and third, that the scheme was --

19   that the scheme to defraud was connected to the purchase or

20   sale of stock in a company whose securities were registered

21   under Section 12 of the Securities Exchange Act of 1934, or was

22   otherwise required to file reports under the act.

23           The third object is wire fraud in violation of Title

24   18, United States Code, Section 1343.  That offense has the

25   following elements:

N3M3BHAP

1         First, that there was a scheme or artifice to defraud

2   or to obtain money or property by materially false and

3   fraudulent pretenses, representations, or promises; second,

4   that the defendant knowingly participated in the scheme or

5   artifice to defraud with knowledge of its fraudulent nature and

6   with specific intent to defraud; and third, that in the

7   execution of the scheme, the defendant used or caused the use

8   of interstate or international wires.

9         So, those are the elements as to Counts One, Seven,

10   Eight, and Nine and will also hopefully many of the other

11   counts as well.

12         THE COURT:  Thank you.  Good.

13         So, Mr. Bhardwaj, let me turn back to you.  Do you

14   understand that Counts Two through Five charge that on or about

15   the dates that are specified in the indictment, in the Southern

16   District of New York and elsewhere, you committed securities

17   fraud in violation of Title 15, United States Code, Section

18   78j(b) and 78ff, Title 17 C.F.R. Section 240.10b-5, and Title

19   18, United States Code, Section 2.?

20         Do you understand that's the nature of the charges

21   against you in those counts of the indictment?

22         THE DEFENDANT:  Yes, your Honor.

23         THE COURT:  Counsel for the United States, can I ask

24   you to please state the elements of those offenses, and I'll

25   ask you to go ahead and do that if you would.

N3M3BHAP

1          MR. SOLOWIEJCZYK:  Thank you, your Honor.

2          So, these will sound familiar, but Title 15, United

3    States Code, 78j(b) and 78ff, and 17 C.F.R. 240.10b-5, the

4    elements of that offense are:  That the defendant owed a duty

5    of trust and confidence to Lumentum; that the defendant

6    violated that duty of trust and confidence.  And as to Count

7    Two, that would be through his own trading.  And then as to

8    Counts Three, Four, and Five, that would be through tipping

9    friends and a relative.

10          So, and then, I'm sorry, and then that the defendant

11   anticipated that the individuals receiving the information from

12   him would use that material non-public information to trade the

13   security; and that the defendant, in providing the information,

14   anticipated receiving a personal benefit of some kind in

15   return, which includes, among other things, providing the MNPI

16   to friends and family members.

17          THE COURT:  Thank you.

18          Mr. Bhardwaj, do you understand that Count Six charges

19   that from at least in or about the fall of 2020, up to and

20   including at least September 2021, in the Southern District of

21   New York and elsewhere, you committed wire fraud in violation

22   of Title 18, United States Code, Section 1343 and 2?

23          Do you understand that's the nature of the charge

24   against you in that count of the indictment?

25          THE DEFENDANT:  Yes, your Honor.

N3M3BHAP

```
 1              THE COURT:  Thank you.

 2              Counsel for the United States, can I ask you to please

 3    state the elements of that offense.

 4              MR. SOLOWIEJCZYK:  Yes, your Honor.

 5              So Count Six charges wire fraud in violation of 18

 6    U.S.C. 1343, specifically relating to the trading previously

 7    mentioned in the stock of Coherent.  And that offense has the

 8    following elements:

 9              First, that there was a scheme or artifice to defraud

10    or to obtain money or property by materially false and

11    fraudulent pretenses, representations or promises; second, that

12    the defendant knowingly participated in the scheme or artifice

13    to defraud with knowledge of its fraudulent nature and with

14    specific intent to defraud, or that he knowingly and

15    intentionally aided and abetted others in the scheme; and

16    third, that in the execution of the scheme, the defendant used

17    or caused the use of interstate or international wires.

18              THE COURT:  Thank you very much.

19              Mr. Bhardwaj, do you understand that Count Seven of

20    the indictment charges that from at least in or about the fall

21    of 2021, up to and including at least April 2022, in the

22    Southern District of New York and elsewhere, that you, together

23    with others, known and unknown, conspired to commit securities

24    fraud and wire fraud in violation of Title 18, United States

25    Code, Section 371?
```

N3M3BHAP

```
 1              Do you understand that's the nature of the charge
 2     against you in that count?
 3              THE DEFENDANT:  Yes, your Honor.
 4              THE COURT:  Counsel for the United States, you've
 5     already stated the elements of this offense in describing those
 6     for Count One.  Is that correct?
 7              MR. SOLOWIEJCZYK:  That's correct, your Honor.
 8              THE COURT:  Thank you.
 9              Mr. Bhardwaj, do you understand that Count Eight
10     charges that from at least in or about the fall of 2021, up to
11     and including at least April 2022, in the Southern District of
12     New York and elsewhere, you, together with others, known and
13     unknown, conspired to commit securities fraud and wire fraud,
14     in violation of Title 18, United States Code, Section 371?
15              Do you understand that's the nature of the charge
16     against you?
17              THE DEFENDANT:  Yes, your Honor.
18              THE COURT:  Counsel for the United States, let me
19     confirm that the elements for this offense, again, are the same
20     as those that you described previously when we discussed Count
21     One.  Is that right?
22              MR. SOLOWIEJCZYK:  That's correct, your Honor.
23              THE COURT:  Thank you.
24              Mr. Bhardwaj, do you understand that Count Nine
25     charges that from at least in or about the fall of 2021, up to
```

N3M3BHAP

1    and including at least April 2022, in the Southern District of

2    New York and elsewhere, you, together with others, known and

3    unknown, conspired to commit securities fraud and wire fraud in

4    violation of Title 18, United States Code, Section 371?

5            Do you understand that's the nature of the charge

6    against you in that count?

7            THE DEFENDANT:  Yes, your Honor.

8            THE COURT:  Counsel for the United States, the

9    elements of this offense are the same as those that you

10   outlined previously during our discussion of Count One.  Is

11   that correct?

12           MR. SOLOWIEJCZYK:  That's correct, your Honor.

13           THE COURT:  Thank you.

14           Mr. Bhardwaj, do you understand that Counts 10 through

15   12 charge that on or about the dates specified in the

16   indictment, in the Southern District of New York and elsewhere,

17   you committed securities fraud in violation of Title 15, United

18   States Code, Section 78j(b) and 78ff, Title 17 C.F.R. Section

19   240.10b-5, and Title 18, United States Code, Section 2.?

20           Do you understand that's the nature of the charge

21   against you in that count?

22           THE DEFENDANT:  Yes, your Honor.

23           THE COURT:  Counsel for the United States, are the

24   elements for these offenses the same as for those that we

25   described earlier with respect to Counts Two through Five?

N3M3BHAP

1           MR. SOLOWIEJCZYK:  Yes, your Honor.  And then the only

2 difference would be for Count 10, it would specifically relate

3 to his providing material non-public information to Srinivasa

4 Kakkera's trading on that information in the stock of

5 Neophotonics.  As to Count 11, Mr. Bhardwaj is providing

6 material non-public information to his friend Abbas Saeedi, and

7 Mr. Saeedi -- relating to Neophotonics acquisition, and

8 Mr. Saeedi trading on that information.  And Count 12 relates

9 to Mr. Bhardwaj providing material non-public information

10 regarding Neophotonics' acquisition, and his friend Ramesh

11 Chitor placing trades based on that material non-public

12 information.

13           THE COURT:  Thank you.

14           Mr. Bhardwaj, do you understand that Count 13 charges

15 that from at least in or about the fall of 2021, up to and

16 including at least April 2022, in the Southern District of New

17 York and elsewhere, you committed wire fraud in violation of

18 Title 18, United States Code, Section 1343 and 2?

19           THE DEFENDANT:  Yes, your Honor.

20           THE COURT:  Counsel for the United States, are the

21 elements for this offense the same for Count Six?

22           MR. SOLOWIEJCZYK:  Yes, your Honor.  And then, again,

23 the only difference being Count Six related to the Coherent

24 scheme, and Count 13 relates to the Neophotonics scheme.

25           THE COURT:  Mr. Bhardwaj, do you understand if you

N3M3BHAP

```
1   were to go to trial on each of those counts, that the
2   government would have to prove all of the substantive elements
3   of each of these offenses beyond a reasonable doubt?
4              THE DEFENDANT:  Yes, your Honor.
5              THE COURT:  Do you understand that the government
6   would be required to prove that venue was appropriate here in
7   the Southern District of New York, which includes, among other
8   places, Manhattan by a preponderance of the evidence?
9              MR. NICHOLAS:  May I have one moment, your Honor.
10             THE COURT:  Thank you.  Please take your time,
11  counsel.
12             (Defendant conferring with his counsel)
13             MR. NICHOLAS:  Thank you, your Honor.
14             THE COURT:  Thank you.
15             THE DEFENDANT:  Yes, your Honor.
16             THE COURT:  You do understand that the government
17  would be required to prove that venue was appropriate here in
18  the Southern District of New York by a preponderance of the
19  evidence, that is, that it's more likely than not?  Is that
20  right?
21             THE DEFENDANT:  Yes, your Honor.
22             THE COURT:  Thank you.
23             Now Mr. Bhardwaj, I am going to tell you the maximum
24  possible penalty for these offenses.  The maximum means the
25  most that could possibly be imposed.  It doesn't mean that it's
```

N3M3BHAP

1    what you'll necessarily receive.  But still, you have to

2    understand that by pleading guilty, you are exposing yourself

3    to the possibility of receiving any combination of punishments

4    up to the maximum that I'm about to describe.

5            Do you understand that?

6            THE DEFENDANT:  Yes, your Honor.

7            THE COURT:  So first, Mr. Bhardwaj, I am going to tell

8    you about the possible restrictions on your liberty.  The

9    maximum term of imprisonment for each of Counts One and Seven

10   through Nine is five years, which could be followed by up to

11   three years of supervised release.

12           The maximum term of imprisonment for each of counts

13   Two through Five, and 10 through 12, is 20 years, which could

14   be followed by up to three years of supervised release.

15           The maximum term of imprisonment for each of Counts

16   Six and 13 is 20 years, which could also be followed by up to

17   three years of supervised release.

18           Again, these are the penalties for each of the charged

19   offenses as I've described them.

20           Mr. Bhardwaj, if you are sentenced to a term of

21   supervised release, you'll be subject to supervision by the

22   probation office.  There will be rules of supervised release

23   that you will have to follow, and if you violate those rules,

24   you could be returned to prison without a jury trial to serve

25   additional time, with no credit for any time that you served in

N3M3BHAP

| | |
|---|---|
| 1 | prison as a result of your sentence, and also with no credit |
| 2 | for any time spent on post-release supervision. |
| 3 | You should also understand, Mr. Bhardwaj, that there |
| 4 | is no parole in the federal system, and that if you are |
| 5 | sentenced to prison, you will not be released early on parole. |
| 6 | Do you understand that? |
| 7 | THE DEFENDANT:  Yes, your Honor. |
| 8 | THE COURT:  Second, Mr. Bhardwaj, in addition to these |
| 9 | restrictions on your liberty, the maximum possible punishment |
| 10 | also includes certain financial penalties.  The maximum |
| 11 | allowable fine for each of Counts One and Seven through Nine is |
| 12 | twice the gross monetary gain derived from the offense or twice |
| 13 | the gross monetary loss to persons other than yourself, |
| 14 | whichever of those is greater. |
| 15 | The maximum allowable fine for each of Counts Two |
| 16 | through Five and 10 through 12 is $5 million or twice the gross |
| 17 | monetary gain derived from the offense or twice the gross |
| 18 | monetary loss to persons other than yourself, whichever of |
| 19 | those is greater. |
| 20 | And the maximum allowable fine for each of Counts six |
| 21 | and 13 is twice the gross monetary gain derived from the |
| 22 | offense or twice the gross monetary loss to persons other than |
| 23 | yourself, whichever of those is greater. |
| 24 | Again, these are the penalties for each of the charged |
| 25 | offenses that I have laid out. |

1          In addition, Mr. Bhardwaj, I can order restitution to

2     any person or entity injured as a result of your criminal

3     conduct.  I can also order you to forfeit all property derived

4     from the offense or used to facilitate the offense.  And

5     finally, I must also order a mandatory special assessment of

6     $100 for each offense to which you plead guilty.  Here that

7     would be a total of $1,300.

8          Counsel before I proceed, do any of you wish to

9     correct or amend any of the penalties that I've just laid out?

10          MR. SOLOWIEJCZYK:  No, your Honor.

11          MR. NICHOLAS:  No, your Honor.

12          THE COURT:  Thank you.

13          Mr. Bhardwaj, do you understand that these are the

14     maximum possible penalties?

15          THE DEFENDANT:  Yes, your Honor.

16          THE COURT:  Do you understand that it's possible,

17     taking all of these counts together, that you could be sent to

18     prison for a total of 200 years of imprisonment?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  Thank you.

21          Mr. Bhardwaj, I understand that you are a United

22     States citizen.  Do you understand that as a result of your

23     guilty plea, you may lose certain valuable civil rights, to the

24     extent that you have them or could otherwise obtain them now,

25     such as the right to vote, the right to hold public office, the

N3M3BHAP

1  right to serve on a jury, and the right to possess any kind of

2  firearm?

3            THE DEFENDANT:  Yes, your Honor.

4            THE COURT:  Mr. Bhardwaj, are you serving any other

5  sentence, either state or federal, at this time?

6            THE DEFENDANT:  No, your Honor.

7            THE COURT:  To your knowledge, are you being

8  prosecuted in state court for any crime?

9            THE DEFENDANT:  No, your Honor.

10            THE COURT:  Thank you.

11            Mr. Bhardwaj, do you understand that if your lawyer or

12  anyone else has attempted to predict what your sentence will

13  be, that their prediction could be wrong?

14            THE DEFENDANT:  Yes, your Honor.

15            THE COURT:  Do you understand that the sentence

16  ultimately imposed may be different from any estimate your

17  attorney may have given you?

18            THE DEFENDANT:  Yes, your Honor.

19            THE COURT:  That's good.  That's because no one, not

20  your lawyer, not the government's lawyer, really no one can

21  give you any assurance of what your sentence is going to be.  I

22  say that because I'm going to decide your sentence, and I'm not

23  going to do that now.

24            Do you understand that?

25            THE DEFENDANT:  Yes, your Honor.

N3M3BHAP

1          THE COURT:  Mr. Bhardwaj, before I impose your

2     sentence, I will review a presentence report that will be

3     prepared by the probation department.  You and your counsel and

4     counsel for the government will have the opportunity to review

5     that report, to challenge the facts that are reported by the

6     probation officer in the report, and also the application of

7     the advisory sentencing guidelines that are recommended by the

8     probation officer.  I'm obliged to do my own independent

9     calculation of the advisory guidelines range that applies to

10    your case.

11         After your initial advisory guidelines range has been

12    determined, I have the authority in some circumstances to

13    depart upward and downward from that range.  Ultimately, I'll

14    determine what a reasonable sentence is for you, based on a

15    number of sentencing factors.  If you're interested, you can

16    see those factors that are in the statute which can be found at

17    18, United States Code, Section 3553(a).

18         That may result in the imposition of a sentence that

19    is either greater or lesser than the advisory sentencing

20    guidelines range.

21         Do you understand all of this?

22         THE DEFENDANT:  Yes, your Honor.

23         THE COURT:  Mr. Bhardwaj, have you and your attorney

24    discussed how the advisory sentencing guidelines might apply in

25    your case?

N3M3BHAP

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Mr. Bhardwaj, even if your sentence is

3    different from what your lawyer or anyone else has told you it

4    might be, even if it's different from what you expect or from

5    what's contained in a written plea agreement that you've

6    entered into with the United States, you will still be bound by

7    your guilty plea, and will not be permitted to withdraw your

8    plea of guilty.

9          Do you understand that?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  Mr. Bhardwaj, I've just reviewed a number

12    of possible consequences of your plea.  Do you understand all

13    of the possible consequences of your plea that I have just

14    discussed with you?

15          THE DEFENDANT:  Yes, your Honor.

16          THE COURT:  So I understand there is a written plea

17    agreement entered into between you and your lawyer and the

18    lawyer for the government.

19          I have in front of me the original letter plea

20    agreement, which is dated March 17, 2023, to your lawyer from

21    the assistant United States attorneys on this case.  I am going

22    to mark this letter as Court Exhibit 1, and I'm going to hand

23    it forward to the United States to retain in its possession.

24          Before I hand it to the government, though,

25    Mr. Bhardwaj, I'd like to ask you some questions about the

N3M3BHAP

1    agreement if I can.

2            So first, did you sign the original of the plea

3    agreement here on the last page?

4            THE DEFENDANT:  Yes, your Honor.

5            THE COURT:  Did you do that today in the presence of

6    your lawyer?

7            THE DEFENDANT:  Yes, your Honor.

8            THE COURT:  Did you read the agreement before you

9    signed it?

10           THE DEFENDANT:  Yes, your Honor.

11           THE COURT:  Did you discuss it with your lawyer before

12   you signed it?

13           THE DEFENDANT:  Yes, your Honor.

14           THE COURT:  Did you fully understand the agreement

15   before you signed it?

16           THE DEFENDANT:  Yes, your Honor.

17           THE COURT:  Thank you.

18           Now, one of the features of your agreement with the

19   government is that you've agreed on the advisory sentencing

20   guidelines range that applies in your case.  You should know,

21   Mr. Bhardwaj, that that agreement is binding on you, and it's

22   binding on the government, but it's not binding on me.  I have

23   my own independent obligation, as I told you earlier, to

24   determine what the correct guideline range is in your case.

25   Now, I'm not saying that I will come up with any range that's

1   different from the one that's included in the agreement.  At

2   this point I just don't know.  What's important for you to

3   understand is that if I do come up with a range that's

4   different than the one that you've agreed to with the

5   government, I will not let you withdraw your plea, even if the

6   range that I determine is higher than the one that you've

7   agreed to with the government.

8           Do you understand that?

9           THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  Thank you.

11          Do you understand, Mr. Bhardwaj, that under some

12  circumstances, you or the government may have the right to

13  appeal any sentence that I impose?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  Thank you.

16          Mr. Bhardwaj, in your plea agreement, you've waived a

17  number of rights to appeal your sentence and any conviction in

18  this case.  You have agreed not to file a direct appeal or to

19  bring a collateral challenge, including, but not limited to, an

20  application under Title 28, United States Code, Sections 2255

21  or 2241, of any sentence that is within or below the stipulated

22  guidelines range of 70 to 87 months' imprisonment.  You've also

23  agreed not to appeal or to bring a collateral challenge to any

24  term of supervised release that is less than or equal to the

25  statutory maximum.  You further agreed not to appeal or bring a

N3M3BHAP

1   collateral challenge to any fine that is less than or equal to

2   $5 million, and any forfeiture amount that is greater than or

3   equal to -- I'm sorry.

4           Counsel, can I ask you to look at this agreement.

5           MR. SOLOWIEJCZYK:  Yes.  I think I see the one issue.

6           THE COURT:  Thank you.

7           (Counsel conferring)

8           MR. SOLOWIEJCZYK:  So, your Honor, I just spoke to

9   defense counsel, and I think we both agree that that last line

10  on page 5, there is an error, and it should say "any forfeiture

11  amount that is less than or equal to."

12          THE COURT:  Thank you.  Yes.  That appeared to be an

13  error.

14          MR. SOLOWIEJCZYK:  Sorry about that, your Honor.

15          THE COURT:  That's fine.  I'm going to propose to just

16  cross out the word "greater" on the final version of the plea

17  agreement and to replace it with the word "less."

18          Counsel for the United States, is the plea agreement

19  acceptable to you with that modification?

20          MR. SOLOWIEJCZYK:  Yes, your Honor.  Thank you.

21          THE COURT:  Thank you.

22          Counsel for defendant, is the plea agreement

23  acceptable to you with that modification?

24          MR. NICHOLAS:  Yes, and thank you for catching that,

25  Judge.

N3M3BHAP

1          THE COURT:  That's fine.

2          Mr. Bhardwaj, is the plea agreement acceptable to you

3     with that modification?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Thank you.  Let me just step back.

6          Mr. Bhardwaj, you've also agreed not to appeal or to

7     bring a collateral challenge to any fine that is less than or

8     equal to $5 million, and any forfeiture amount that is less

9     than or equal to $547,286.

10          Furthermore, you have agreed not to attack your

11     conviction and sentence on direct appeal or collaterally on the

12     basis that the government has failed to produce any discovery

13     material, other than information establishing your factual

14     innocence, including Jencks Act material, material pursuant to

15     *Brady v. Maryland*, and impeachment material pursuant to *Giglio*

16     *v. United States* that has not already been produced as of the

17     date of signing of the agreement.

18          Furthermore, although I understand you are a United

19     States citizen, you've agreed not to challenge your conviction

20     and sentence on direct appeal or collaterally on the basis of

21     any actual or perceived adverse immigration consequences,

22     including removal or denaturalization resulting from your

23     guilty plea and conviction.

24          Mr. Bhardwaj, do you understand the rights to appeal

25     or otherwise challenge your conviction and sentence that you've

N3M3BHAP

1   waived in your plea agreement?

2           THE DEFENDANT:  Yes, your Honor.

3           THE COURT:  Thank you.

4           Mr. Bhardwaj, are you willing to waive those rights to

5   appeal or otherwise challenge your conviction and sentence as

6   set forth in the plea agreement?

7           THE DEFENDANT:  Yes, your Honor.

8           THE COURT:  Thank you.

9           Now, Mr. Bhardwaj, does this written plea agreement

10  constitute your complete and total understanding of the entire

11  agreement between you and the government?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  Has anything been left out?

14          THE DEFENDANT:  No, your Honor.

15          THE COURT:  Other than what's written in this

16  agreement, Mr. Bhardwaj, has anyone made any promise to you or

17  offered you any inducement to plead guilty or to sign this

18  agreement?

19          THE DEFENDANT:  No, your Honor.

20          THE COURT:  Has anyone threatened you or forced you to

21  plead guilty or to sign this agreement?

22          THE DEFENDANT:  No, your Honor.

23          THE COURT:  Has anyone made a promise to you as to

24  what your sentence will be?

25          THE DEFENDANT:  No, your Honor.

1          THE COURT:  Thank you.

2          So Mr. Bhardwaj, I told you earlier that there would

3     come a time in today's proceeding when I'd ask you to tell me

4     what it is that you did that makes you believe that you are

5     guilty of this offense.  This is that time.

6          Would you please tell me what it is that you did that

7     makes you believe you're guilty of these offenses.

8          MR. NICHOLAS:  And your Honor, I would just note for

9     the record that Mr. Bhardwaj will be using some notes that he

10    has prepared in his words to assist with his allocution today,

11    but these are his words.

12         THE COURT:  Thank you.  That's completely acceptable.

13         You can remain seated, Mr. Bhardwaj.

14         THE DEFENDANT:  Good afternoon.  First I would like to

15    say how very sorry I am for being here.

16         From 2019 to 2022, I had a job as information security

17    officer at a company called Lumentum.  As a part of my job, I

18    was sometimes exposed to material non-public information about

19    business deals that Lumentum was considering, including that it

20    was considering buying a company called Coherent, and another

21    company called Neophotonics.  I had a duty of trust and

22    confidence to Lumentum and to keep that information

23    confidential.

24         Between the winter of 2020 and spring of 2022, I

25    violated my duty of trust and confidence to Lumentum.  As

N3M3BHAP

1    described in Count Two of the indictment, I traded in my

2    account the stock of Coherent.  As described in Count One,

3    Count Three through Count Six of the indictment, I also shared

4    information about Lumentum's interest in Coherent with friends

5    and family with the understanding and agreement that they would

6    trade based on it.

7              As described in Count Seven through 13 of the

8    indictment, I shared information about Lumentum's interest in

9    Neophotonics with three individuals who were my friends --

10   Srinivasa Kakkera, Abbas Saeedi, and Ramesh Chitor -- with the

11   understanding and agreement that they would trade.

12             I sometimes furthered this conduct I have described by

13   making telephone calls.

14             I understood that what I was doing was wrong.  I'm

15   ashamed of what I did and the harm that I've caused to others,

16   most especially to my family, by putting them in this

17   situation.  I know that I have no one to blame but myself.

18             I apologize to my family, to this Court, the

19   government, and also all the hard-working people at Lumentum

20   for my conduct.

21             Thank you.

22             THE COURT:  Thank you very much.

23             So, let me turn to counsel for defendant.  I think

24   there may be a couple of issues as to which I'll ask for

25   proffers for proposed followup questions.  Before I turn to the

1   United States for your views on potential areas for followup,

2   counsel for defendant, do you know of any valid defense that

3   would prevail at trial or do you know of any reason why your

4   client should not be permitted to plead guilty?

5            MR. NICHOLAS:  No to both questions, your Honor.

6            THE COURT:  Thank you.  Very good.

7            So counsel for the government, let me turn to you.

8   Are there additional questions that you'd like me to ask the

9   defendant as to venue or personal benefit or any other issues?

10           MR. SOLOWIEJCZYK:  Your Honor, as to venue, we would

11  make a venue proffer.  So, at trial, the government would prove

12  by a preponderance of the evidence venue in the Southern

13  District of New York through, among other evidence, evidence of

14  trades being executed by brokers in furtherance of all of these

15  counts in Manhattan, as well as clearing of certain relevant

16  stock transactions by the Depository Trust Corporation, DTCC,

17  here in Manhattan.

18           And then we'd also as to Coherent prove up it was a

19  stock that was traded on the Nasdaq, which is based in

20  Manhattan.

21           So that's how the government would prove venue at

22  trial.

23           Otherwise, your Honor, we don't actually have any

24  specific followup questions.  We believe the allocution was

25  otherwise sufficient.

N3M3BHAP

1           THE COURT:  Thank you.

2           So counsel for the United States, can I ask you to

3     just briefly describe the evidence that would be introduced at

4     trial, were you to proceed to trial.  I'm not so interested in

5     the categories of evidence, as in what it would show.

6           MR. SOLOWIEJCZYK:  Okay.  That's helpful.  Thank you,

7     your Honor.

8           So the government would prove at trial that the

9     defendant owed a duty of trust and confidence to Lumentum; that

10    there were various policies at Lumentum about the handling of

11    confidential business information; that the defendant

12    understood all those policies; that he was trained on them.

13    And the government would prove that the defendant had access to

14    the MNPI as to both Neophotonics and Coherent.  That would be

15    proved through Lumentum records, and also through testimony of

16    witnesses of employees of Lumentum.

17          The government would also introduce trading records

18    showing timely trades by the defendant in close proximity to

19    when the government alleged he learned of the MNPI, his own

20    trading and the trading of his close family member as to

21    Coherent, and two close friends of his.  As to Neophotonics,

22    his three friends that are mentioned in the indictment.

23          The government would also introduce cell phone search

24    warrant returns and e-mail search warrant returns establishing

25    both the nature of the relationship between the defendant and

N3M3BHAP

1    the various individuals that he tipped, the close nature of

2    those relationships, and then also certain timely

3    communications in furtherance of the insider trading scheme.

4          And then finally, your Honor, as to -- this is among

5    other evidence.  As to the Coherent scheme, one of the

6    individuals that the defendant tipped would be expected to

7    testify against him.  And as to the Neophotonics scheme, one of

8    the individuals he tipped would be expected to testify against

9    him and describe the defendant providing them with material

10    non-public information and all of the ins and outs of their

11    insider trading scheme.  I've already proffered the venue.

12          THE COURT:  Thank you very much.  Very good.

13          So, let me turn to each counsel.  Counsel, do all of

14    you agree that there is a sufficient factual predicate for a

15    guilty plea?

16          MR. NICHOLAS:  Yes, your Honor.

17          MR. SOLOWIEJCZYK:  Yes, your Honor.

18          THE COURT:  Thank you.

19          Do any of you know of any reason that I should not

20    accept Mr. Bhardwaj's plea of guilty?

21          MR. NICHOLAS:  No, your Honor.

22          MR. SOLOWIEJCZYK:  No, your Honor.

23          THE COURT:  Thank you.

24          Mr. Bhardwaj, can I ask you to please stand.  Thank

25    you.

N3M3BHAP

1          Mr. Bhardwaj, Count One charges that from at least in

2    or about November 2020, up to and including in or about

3    September 2021, in the Southern District of New York and

4    elsewhere, you, together with others, known and unknown,

5    conspired to commit securities fraud and wire fraud in

6    violation of Title 18, United States Code, Section 371.

7          How do you plead to this count?

8          THE DEFENDANT:  Guilty.

9          THE COURT:  Counts Two through Five charge that on or

10   about the dates specified in the indictment, in the Southern

11   District of New York and elsewhere, you committed securities

12   fraud in violation of Title 15, United States Code, Section

13   78j(b) and 78ff, Title 17 C.F.R. Section 240.10b-5, and Title

14   18, United States Code, Section 2.

15         How do you plead to these counts?

16         THE DEFENDANT:  Guilty.

17         THE COURT:  Count Six charges that from at least in or

18   about the fall of 2020, up to and including at least

19   September 2021, in the Southern District of New York and

20   elsewhere, you committed wire fraud in violation of Title 18,

21   United States Code, Sections 1343 and 2.

22         How do you plead to this count?

23         THE DEFENDANT:  Guilty.

24         THE COURT:  Count Seven charges that from at least in

25   or about the fall of 2021, up to and including at least April

N3M3BHAP

1    of 2022, in the Southern District of New York and elsewhere,

2    you, together with others, known and unknown, conspired to

3    commit securities fraud and wire fraud in violation of Title

4    18, United States Code, Section 371.

5            How do you plead to this count?

6            THE DEFENDANT:  Guilty.

7            THE COURT:  Count Eight charges that from at least in

8    or about the fall of 2021, up to and including at least

9    April 2022, in the Southern District of New York and elsewhere,

10   you, together with others, known and unknown, conspired to

11   commit securities fraud and wire fraud in violation of Title

12   18, United States Code, Section 371.

13           How do you plead to this count?

14           THE DEFENDANT:  Guilty.

15           THE COURT:  Count Nine charges that from at least in

16   or about the fall of 2021, up to and including at least

17   April 2022, in the Southern District of New York and elsewhere,

18   you, together with others, known and unknown, conspired to

19   commit securities fraud and wire fraud in violation of Title

20   18, United States Code, Section 371.

21           How do you plead to this count?

22           THE DEFENDANT:  Guilty.

23           THE COURT:  Counts 10 through 12 charge that on or

24   about the dates specified in the indictment, in the Southern

25   District of New York and elsewhere, you committed securities

N3M3BHAP

1   fraud in violation of Title 15, United States Code, Section

2   78j(b) and 78ff, and Title 17 C.F.R. Section 240.10b-5, and

3   Title 18, United States Code, Section 2.

4           How do you plead to this count?

5           THE DEFENDANT:  Guilty.

6           THE COURT:  Count 13 charges that from at least in or

7   about the fall of 2021, up to and including at least

8   April 2022, in the Southern District of New York and elsewhere,

9   you committed wire fraud in violation of Title 18, United

10  States Code, Sections 1343 and 2.

11          How do you plead to this count?

12          THE DEFENDANT:  Guilty.

13          THE COURT:  Thank you.

14          Mr. Bhardwaj, there are forfeiture allegations in the

15  indictment with respect to Counts One through 13 of the

16  indictment.

17          Do you admit the forfeiture allegations with respect

18  to Counts One through 13?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  Thank you.

21          It is the finding of the Court in this case that

22  Mr. Bhardwaj is fully competent and capable of entering an

23  informed plea, that Mr. Bhardwaj is aware of the nature of the

24  charges and the consequences of the plea, and that the plea of

25  guilty is a knowing and voluntary plea supported by an

N3M3BHAP

1    independent basis in fact containing each of the essential

2    elements of each of the offenses.

3            The plea is therefore accepted, and Mr. Bhardwaj is

4    now adjudged guilty of those offenses.

5            Thank you very much, Mr. Bhardwaj.  You can be seated.

6            THE DEFENDANT:  Thank you.

7            THE COURT:  Mr. Bhardwaj, the probation department

8    will want to interview you in connection with the presentence

9    report it will prepare as I described earlier.

10           Counsel for defendant, do you wish to be present in

11   connection with that interview?

12           MR. NICHOLAS:  Yes.

13           THE COURT:  I order that there be no interview unless

14   counsel is present.

15           Counsel for the United States, I direct that the

16   United States provide the probation office with your factual

17   statement within seven days.

18           Counsel for defendant, please arrange for Mr. Bhardwaj

19   to be interviewed by the probation department within the next

20   14 days.

21           Mr. Bhardwaj, just briefly a note to you.  If you

22   choose to speak to the probation department -- and that's up to

23   you -- I would just ask that you make sure that anything that

24   you may choose to say be truthful and accurate.  The report is

25   very important to me in deciding what sentence to impose.  I am

N3M3BHAP

```
 1    going to read the report very carefully.  I'm talking about
 2    this issue now because you and your counsel have the right to
 3    review the report, and to comment on it to the probation
 4    officer who is preparing the report, and also to me before
 5    sentencing or at sentencing, if there are concerns about it.
 6    So I just wanted to take a moment to encourage you to take
 7    advantage of that right and to review the report.  If you see
 8    any issues with it, please take the time to point them out to
 9    your lawyers so they can identify them to the probation officer
10    before the report is finalized, and/or bring it to my attention
11    at that time or before sentencing as appropriate.
12              So with that, I'd like to set a sentencing date.
13    Ms. Joseph, can I ask you to please propose a date.
14              THE DEPUTY CLERK:  July 11, 2023, at 10 a.m.
15              THE COURT:  Counsel, does that date and time work for
16    each of you?
17              MR. NICHOLAS:  Yes, for the defense.  I apologize, I
18    just missed the time.
19              THE COURT:  That's fine.  10 a.m.
20              THE DEPUTY CLERK:  10 a.m.
21              MR. NICHOLAS:  Yes, that works.  Thank you, Judge.
22              MR. SOLOWIEJCZYK:  I believe it works, your Honor.
23    I'm triple checking.  Sorry.
24              THE COURT:  That's fine.  Please take your time.
25              MR. SOLOWIEJCZYK:  Yes, that works for the government.
```

N3M3BHAP

1    Thank you, your Honor.

2            THE COURT:  Very good.  Thank you very much.  So the

3    sentencing will take place at that date and time.

4            Counsel, let me refer all of you to my individual

5    rules of practice in criminal cases.  Those contain rules about

6    the sentencing process.  The principal rule that I wanted to

7    take a moment to highlight is the rule about deadlines.  In

8    accordance with my rules, the defendant's sentencing

9    submissions are due two weeks prior to sentencing.  The

10   government's are due one week prior to sentencing.

11           Good.  So, before we turn to the last item on my

12   agenda, let me just note I've been handed a consent preliminary

13   order of forfeiture and money judgment.  I've reviewed that

14   consent preliminary order of forfeiture and money judgment.

15   That document has been signed by counsel for the United States,

16   the defendant, and counsel for defendant today, March 22, 2023.

17   I am going to execute this document now.  I'm handing it to my

18   staff for it to be docketed.

19           So let me hear from the parties.  Counsel for the

20   United States, what's your position regarding the defendant's

21   current release status?

22           MR. SOLOWIEJCZYK:  Your Honor, we don't have any

23   proposed modifications of the bail conditions at this time.

24   We're comfortable with them as we are.

25           THE COURT:  Counsel for the defendant, can I hear a

N3M3BHAP

1   brief proffer from you regarding risk of flight and danger.

2           MR. NICHOLAS:  Yes, your Honor.  Your Honor,

3   Mr. Bhardwaj does not present at this point and has not

4   presented prior to now risk of flight or danger, and certainly

5   not one that would require or make appropriate adjustment of

6   his conditions.

7           Mr. Bhardwaj has been on bail since his being charged.

8   He has obviously attended his court appearances in a timely

9   fashion, has certainly, I'm happy to proffer, met with me in a

10  timely and easy fashion.  Has been in the United States the

11  whole time.  He's made very limited requests from time to time

12  to the Court to make even limited travel, which the Court has

13  granted, and he's not abused any of those.  I think there was a

14  time some months ago when he asked the permission from the

15  Court to take one of his children on a school visit to a

16  college.  The Court granted that, Mr. Bhardwaj did so, and came

17  right home.  There has been absolutely no issue with flight of

18  any kind.

19          If my memory right, his bond is securitized, Judge, so

20  any potential of risk of flight was taken amply into account at

21  that time.

22          In terms of danger to the community, this case does

23  not present issues of that nature, and nothing in

24  Mr. Bhardwaj's past remotely suggests that he presents a danger

25  to the community.

N3M3BHAP

1          THE COURT:  Thank you.  Fine.  So on the basis of the

2     proffer by counsel, I am able to find that the defendant is not

3     likely to flee or pose a danger to the safety of any other

4     person or the community.

5          Mr. Bhardwaj, I am going to keep the current

6     conditions of your release in effect through sentencing.  Do

7     you understand that all of the conditions of your release that

8     have applied up until now continue to apply?  Do you understand

9     that?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  Do you understand that a violation of any

12     of those conditions can have very serious consequences for you

13     at the time of sentencing?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  Thank you.

16          Mr. Bhardwaj, you must be in this courtroom for

17     sentencing at the date and time that we've just set, unless I

18     change them by written order.  If you are not, you will be

19     guilty of a separate crime which is bail jumping, and you'll be

20     subject to a fine or prison term in addition to whatever

21     sentence I may impose with respect to the crimes to which

22     you've just accepted responsibility.

23          Do you understand that?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  Thank you.  Good.

N3M3BHAP

1          Counsel, anything else that any of you would like to

2  raise with me before we adjourn?

3          First, counsel for the United States.

4          MR. SOLOWIEJCZYK:  No, nothing further.  Thank you,

5  your Honor.

6          THE COURT:  Counsel for defendant?

7          MR. NICHOLAS:  No, thank you, your Honor.

8          THE COURT:  Thank you, all.  This proceeding is

9  adjourned.

10          (Adjourned)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25