

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

DIVISION OF
ENFORCEMENT

MEMO ENDORSED

June 11, 2024

<u>Via ECF</u>

The Honorable Andrew L. Carter, Jr.
United States District Judge
United States District Court for the
  Southern District of New York
40 Foley Square
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 6/13/24

Re:  <u>SEC v. Bhardwaj et al., 22 Civ. 06277 (ALC) (S.D.N.Y.)</u>

Dear Judge Carter:

    Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this letter to seek approval of proposed final consent judgments as to Defendants Amit Bhardwaj ("Bhardwaj"), Srinivasa Kakkera ("Kakkera"), and Abbas Saeedi ("Saeedi"), which the SEC filed earlier today (Docket Nos. 88, 89, and 90). The SEC also filed earlier today a notice voluntarily dismissing Relief Defendants Gauri Salwan, The Kakkera Family Trust, All US Tacos Inc., and Janya Saeedi (the "Relief Defendants") with prejudice (Docket No. 87), pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), as discussed in more detail below. If the Court approves the proposed final consent judgments as to Bhardwaj, Kakkera, and Saeedi, only two defendants will remain in this case: Defendants Dhirenkumar Patel ("Patel") and Ramesh Chitor ("Chitor").

I.    **The Proposed Consent Judgments**

    The Court should approve the proposed consent judgments because they are fair and reasonable and, with respect to the additional injunctive relief in the proposed judgment as to Kakkera, would not disserve the public interest, under *SEC v. Citigroup Global Markets, Inc.*, 752 F. 3d 285, 294 (2d Cir. 2014).

    The Court previously entered partial consent judgments as to Bhardwaj, Kakkera and Saeedi that resolved certain injunctive relief as to each of them but left the issue of monetary remedies (and, in Kakkera's case, of additional injunctive relief in the form of an officer-and-director bar) for further resolution by the Court upon the SEC's motion or by the parties pursuant to a settlement. (Docket Nos. 68, 83 & 73.) Each of the proposed final consent judgments, if approved, would resolve all the remaining relief as to its respective defendant, as described below. To ensure that each final judgment contains all settlement terms as to its respective

The Honorable Andrew L. Carter, Jr.
June 11, 2024
Page 2

defendant, each final judgment would also incorporate the injunctive relief contained in that defendant's prior partial consent judgment.

As to Bhardwaj, the proposed final consent judgment (Docket No. 88) would hold him liable for disgorgement of $500,598.91 and prejudgment interest of $44,885.11 but deem the obligation to pay the total amount satisfied by the entry of the $547,286 forfeiture order entered in the parallel criminal action against him, *United States v. Bhardwaj, et al.*, 22 Cr. 398 (GHW) (S.D.N.Y.) (the "Criminal Case"). As to Kakkera, the proposed final consent judgment (Docket No. 89) would hold him liable for disgorgement of $2,453,687.99 and prejudgment interest of $247,402.19 but deem the obligation to pay the total amount satisfied by the entry of the $2,453,687.99 forfeiture order against him in the Criminal Case. The proposed judgment would also bar Kakkera from serving as an officer or director of a public company for seven years and six months following the judgment's entry. Finally, as to Saeedi, the proposed final consent judgment (Docket No. 90) would hold him liable for disgorgement of $691,104.73 and prejudgment interest of $28,133.56 but deem the obligation to pay the total amount satisfied by the entry of the $691,104.73 forfeiture order in the Criminal Case.[1]

Because the terms of each of these proposed final consent judgments are fair and reasonable and Kakkera's officer-and-director bar serves the public interest by protecting investors, the Court should approve the proposed judgments.

**II.     Voluntary Dismissal of the Relief Defendants**

Earlier today the SEC filed a Notice of Dismissal with prejudice as to each of the Relief Defendants, none of which has filed an answer or summary judgment motion in this case. *See* Fed. R. Civ. P. 41(a)(1)(A)(i) ("[T]he plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."). The SEC's notice should terminate each Relief Defendant's status as a party in this case. *See, e.g., Wakefield v. Northern Telecom, Inc.*, 769 F.2d 109, 114 n.4 (2d Cir. 1985) ("*Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105 (2d Cir. 1953)[,] stated that Rule 41(a) may be invoked only to dismiss an entire action but not to dismiss as to only one of several defendants. That decision has been criticized and is now against the weight of authority…. It is not clear that the rule laid down in *Harvey Aluminum* was necessary to the result….") (citations omitted); *Blaize-Sampeur v. McDowell*, No. 05-CV-4275 (JFB) (ARL), 2007 WL 1958909, at *2 (E.D.N.Y. June 29, 2007) (Bianco, J.) ("[D]istrict courts within the Second Circuit have since adopted the approach of the majority of courts in other circuits—that is, that Rule 41(a) does not require dismissal of the action in its entirety.") (citing cases).

---

[1]     The Court previously entered similar partial consent judgments as to Patel and Chitor. (Docket Nos. 74 & 75.)  Patel was sentenced on June 7, 2024, in *United States v. Patel*, 22 Cr. 369 (VSB) (S.D.N.Y.), and Chitor's sentencing in *United States v. Chitor*, 22 Cr. 370 (LGS) (S.D.N.Y.), is currently scheduled for July 15, 2024. The SEC is currently trying to negotiate a final settlement with Patel and anticipates trying to negotiate a settlement with Chitor after his sentencing.

For these reasons, the Court should, to the extent necessary, instruct the Clerk of Court to terminate each of the Relief Defendants as a party to this case.

Respectfully submitted,

/s *Joshua R. Geller*
Joshua R. Geller
Senior Counsel

cc: Counsel of record for Defendants and Relief Defendants (by ECF)
Amy Craig, Ehrlich & Craig LLP, Counsel for Gauri Salwan (by email)

**Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), the Clerk of the Court is directed to terminate Relief Defendants Gauri Salwan, The Kakkera Family Trust, All US Tacos Inc., and Janya Saeedi with prejudice.**

SO ORDERED:

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

June 13, 2024
New York, New York