**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

---

**SECURITIES AND EXCHANGE
COMMISSION,**

                    **Plaintiff,**

        **-against-**

**AMIT BHARDWAJ, DHIRENKUMAR
PATEL, SRINIVASA KAKKERA,
ABBAS SAEEDI, and RAMESH CHITOR,**

                **Defendants.**

**1:22-cv-06277 (ALC)**

---

[~~PROPOSED~~] FINAL JUDGMENT AS TO DEFENDANT RAMESH CHITOR

The Securities and Exchange Commission having filed a Complaint and Defendant

Ramesh Chitor ("Defendant") having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final

Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from

this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

1

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited, for seven years and six months following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $1,244,801, representing his ill-gotten gains as a result of the

conduct alleged in the Complaint, together with prejudgment interest in the amount of $24,941, for a total of $1,269,742. The obligation to pay this amount of disgorgement and prejudgment interest is deemed satisfied by entry of the order of forfeiture against Defendant in the related criminal case, *United States v. Chitor*, 22 Cr. 370 (LGS) (S.D.N.Y.) (Dkt. No. 22).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  ___September 24___, 2024

_____
UNITED STATES DISTRICT JUDGE
Andrew L. Carter, Jr.

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

                              Plaintiff,

        -against-

AMIT BHARDWAJ, DHIRENKUMAR
PATEL, SRINIVASA KAKKERA,
ABBAS SAEEDI, and RAMESH CHITOR,

                              Defendants.

1:22-cv-06277 (ALC)

## CONSENT OF DEFENDANT RAMESH CHITOR

1.      Defendant Ramesh Chitor ("Defendant") acknowledges having waived service of a summons and complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Defendant has pleaded guilty to criminal conduct relating to certain matters alleged in the complaint in this action.  Specifically, in *United States v. Chitor*, 22 Cr. 370 (LGS) (S.D.N.Y.), Defendant pleaded guilty to violations of conspiracy to commit securities fraud [18 U.S.C. § 371], conspiracy to commit securities fraud and wire fraud [18 U.S.C. § 1349], and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)].  In connection with that plea, Defendant admitted the facts set out in the transcript of his plea allocution that is attached as Exhibit A to this Consent.

3.      Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things,

1

(a) permanently restrains and enjoins Defendant from violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], (b) orders that Defendant is liable for disgorgement in the amount of $1,244,801 and prejudgment interest in the amount of $24,941, but deems the obligation to pay those amounts satisfied by entry of the order of forfeiture against him in *United States v. Chitor*, 22 Cr. 370 (LGS) (S.D.N.Y.) (Dkt. No. 22); and (c) prohibits Defendant, for seven years and six months following the entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

4.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.    Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.    Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.    Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.    Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.      Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.      Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.      Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant

3

or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e),  Defendant acknowledges the guilty plea for related conduct described in paragraph 2 above, and:  (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).  If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket.  Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

      12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or

her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.    Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.

Dated: 08.14.2024

Ramesh Chitor

On _____, 2024, _____, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

Approved as to form:

Robert M. Schechter, Esq.
Tilem & Associates, PC
188 East Post Road
White Plains, NY 10601
rschechter@tilemlawfirm.com
Attorney for Defendant

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____ALAMEDA_____

On _AUG. 14, 2024_ before me, _CAROLINE Y. NGUYEN NOTARY PUBLIC_
        (Date)                    (Here Insert Name and Title of the Officer)
personally appeared _RAMESH CHITOR_
        (Name(s) of Signer(s))
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature_____ (Seal)
        (Signature of Notary Public)

CAROLINE Y. NGUYEN
Notary Public - California
Alameda County
Commission # 2348412
My Comm. Expires Mar 18, 2025

6

# EXHIBIT A

M771CHIP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

      v.

RAMESH CHITOR,

        Defendant.                Plea (Remote)
------------------------------x

                      July 7, 2022
                      3:37 p.m.

Before:

                  HON. LORNA G. SCHOFIELD,

                  District Judge

                    APPEARANCES

DAMIAN WILLIAMS
    United States Attorney for the
    Southern District of New York
BY:  RICHARD A. COOPER, ESQ.
    Assistant United States Attorney

TILEM & ASSOCIATES PC
    Attorneys for Defendant
BY:  PETER H. TILEM, ESQ.
    ROBERT M. SCHECHTER, ESQ.

ALSO PRESENT:  VIOSANNY HARRISON, Pretrial Services Officer

ALSO PRESENT:  JORDAN AVERY, Special Agent, FBI

1           (Case called)

2                THE DEPUTY CLERK:    Would counsel please state your

3     name for the record.

4                MR. COOPER:    Yes.  Good afternoon, your Honor.

5     Richard Cooper for the government.  Also on the line is Special

6     Agent Jordan Avery from the FBI.

7                THE COURT:    All right.  Good afternoon.

8                MR. TILEM:    Good afternoon, your Honor.  On behalf of

9     Mr. Chitor, Peter Tilem, T-I-L-E-M, Tilem & Associates, and

10    with me in the room but not on the screen is my associate

11    Robert Schechter.

12               THE COURT:    All right.  Good afternoon.

13               MR. TILEM:    Good afternoon.

14               MS. HARRISON:    Good afternoon, your Honor.  Pretrial

15    officer Viosanny Harrison from pretrial on the line, your

16    Honor.

17               THE COURT:    Okay.  Thank you for joining us.

18               THE DEFENDANT:    Good afternoon, your Honor.  Ramesh

19    Chitor.

20               THE COURT:    Okay.  Good afternoon, Mr. Chitor.

21               So Mr. Tilem, I understand you have an application

22    today?

23               MR. TILEM:    I do, your Honor.

24               THE COURT:    And what is it?

25               MR. TILEM:    My application is to change -- my client

M771CHIP

1    has agreed to actually proceed by information and he wishes to

2    enter a plea of guilty today to an information that's before

3    the Court.

4                THE COURT:    All right.  So before we do that,

5    Mr. Chitor, there are a few preliminary things I need to deal

6    with.

7                First, obviously, we're proceeding by videoconference,

8    and I myself am outside the district.  So I want to be sure

9    that you can see and hear me.  Can you?

10               THE DEFENDANT:    I can see and hear you.  Thank you.

11               THE COURT:    All right.  If at any point in the

12   proceedings you're unable to see or hear me or anyone else who

13   you should be able to see, would you please let us know right

14   away so that we can fix that.

15               THE DEFENDANT:    Will do, and thank you again.

16               THE COURT:    Okay.  You have the right to be physically

17   present for this proceeding.  I have an email from your lawyer

18   requesting that we proceed remotely.  I want to confirm with

19   you that you waive your right to be physically present and that

20   you'd like us to proceed in this way.

21               THE DEFENDANT:    Yes, ma'am.

22               THE COURT:    I find that the proceeding cannot be

23   further delayed without serious harm to the interests of

24   justice because Mr. Chitor is located in California.  I think

25   that's right.  Are you in California?

1          THE DEFENDANT:    Yes, ma'am, that is correct.

2          THE COURT:    All right.  And he and the government wish

3    for him to proceed with his guilty plea expeditiously so that

4    he can take responsibility and move on with the next chapter of

5    his life, and we're still in the midst of a coronavirus

6    pandemic, which makes travel challenging.  So we'll proceed

7    here by videoconference.

8          Mr. Chitor, I understand from your lawyer that you

9    wish to waive indictment and plead guilty to an information,

10   which contains four counts; is that right?

11         THE DEFENDANT:    That is correct, your Honor.

12         THE COURT:    Before I do that, I'm going to ask you

13   some questions, and it's important that you answer the

14   questions honestly and completely.  The purpose of the

15   questions is to make sure you understand your rights and that

16   you are waiving indictment and pleading guilty of your own free

17   will, and I also want to be sure that you're pleading guilty

18   because you are guilty and that you fully understand what will

19   happen as a result of your plea.  Also, it's important that you

20   understand every question before you answer it, so please tell

21   me if there's anything you don't understand and either I or

22   your lawyer will explain it to you.

23         Before we do that, I'd like Mr. Street, my deputy

24   clerk, to administer the oath to the defendant.

25         (Defendant sworn)

1          THE COURT:    Okay.  Mr. Chitor, do you understand that

2    you're now under oath and that if you answer my questions

3    falsely, your untrue answers may be used against you later in

4    another proceeding, for example, a prosecution for perjury or

5    for making false statements?

6          THE DEFENDANT:    I understand, your Honor.

7          THE COURT:    All right.  So first of all, please tell

8    me your full name.

9          THE DEFENDANT:    Ramesh Venkat Chitor.

10          THE COURT:    How old are you?

11          THE DEFENDANT:    I am 45 years and two months old.

12          THE COURT:    How far did you go in school?

13          THE DEFENDANT:    A master's in business.

14          THE COURT:    And where did you get your master's

15    degree?

16          THE DEFENDANT:    California State University, Hayward,

17    East Bay.

18          THE COURT:    And how long ago was that?

19          THE DEFENDANT:    That was in the year 2005.

20          THE COURT:    Mr. Chitor, are you now or have you

21    recently been under the care or treatment of a doctor or a

22    psychiatrist?

23          THE DEFENDANT:    No, your Honor.

24          THE COURT:    And have you ever been treated or

25    hospitalized for any mental illness or any type of addiction,

M771CHIP

1    including drug or alcohol addiction?

2              THE DEFENDANT:    No, your Honor.

3              THE COURT:    In the past 24 hours have you taken any

4    drugs or medicine or pills or drunk any alcohol?

5              THE DEFENDANT:    No, your Honor.

6              THE COURT:    And is your mind clear today?

7              THE DEFENDANT:    Yes, your Honor.

8              THE COURT:    Do you understand what we're doing?

9              THE DEFENDANT:    Yes, your Honor.

10             THE COURT:    Okay.  Let me ask Mr. Tilem first, do you

11   have any doubt as to Mr. Chitor's competence to enter a plea

12   today?

13             MR. TILEM:    I do not, your Honor.

14             THE COURT:    Mr. Cooper, do you?

15             MR. COOPER:    I do not.  Although one procedural point,

16   your Honor.

17             THE COURT:    Yes.

18             MR. COOPER:    This is Mr. Chitor's first judicial

19   appearance, so I wasn't sure the order that the Court was going

20   to proceed, but it may also make sense to provide Mr. Chitor

21   with the Rule 5 cautions before proceeding further, including

22   his right not to make a statement and any statement may be used

23   against him.

24             THE COURT:    Okay.  Give me a second.  I'm just going

25   to excuse myself for a minute and get another piece of paper or

M771CHIP

1    another thing on my screen and I'll join you in just one sec,

2    okay?

3                 MR. COOPER:    Thank you, your Honor.

4                 (Pause)

5                 THE COURT:    All right.  So I want to be sure you can

6    hear me.  I'm not sure if you can see me.  Can you hear me?

7                 THE DEFENDANT:    I can hear and see you, your Honor.

8                 THE COURT:    All right.  So since this is your first

9    appearance in court, one of the things I need to do is inform

10   you of certain rights you have, and the first is -- I'll tell

11   you all of them, make sure you understand.  You have the right

12   to remain silent, and you're not required to make any

13   statements; second, even if you have made any statements to the

14   authorities, you need not make any further statements; and

15   finally, anything you say can be used against you.  Do you

16   understand that those are your rights?

17                THE DEFENDANT:    I do, your Honor.

18                THE COURT:    Okay.  Do you still want to proceed today?

19                THE DEFENDANT:    Yes, your Honor.

20                THE COURT:    All right.  And I understand you have your

21   counsel here for you, Mr. Tilem.  Are you satisfied with his

22   representation of you?

23                THE DEFENDANT:    Very satisfied, yes.  Thank you.

24                THE COURT:    All right.  And one of the other things I

25   need to do is inform you of the charges against you.  We'll

M771CHIP

1    actually discuss them in a greater amount of detail, but you

2    understand that you are charged in a document called an

3    information and that there are four separate charges in that

4    document?  Do you understand that?

5                THE DEFENDANT:    I do, your Honor.

6                THE COURT:    All right.  So why don't we then proceed

7    and let me make my finding that on the basis of Mr. Chitor's

8    responses to my questions and my observations of his demeanor,

9    I find that he's fully competent to participate in our

10   proceedings today.

11               So the first matter that I'd like to deal with, now

12   that we have covered the preliminary matters, is the waiver of

13   indictment.  I want to explain to you certain rights that

14   you'll be giving up if you decide to proceed by information—in

15   other words, this document that has been produced by the

16   prosecutor with charges—instead of proceeding by an indictment,

17   which is returned by a grand jury.  So what I'm going to do now

18   is explain to you various rights, and if at any point you don't

19   understand, just stop me and I'll explain, okay?

20               You have a constitutional right to be charged by

21   indictment, presented by a grand jury, but you can waive that

22   right and consent to being charged by a document called an

23   information returned by the prosecutor.  Instead of an

24   indictment, the charge against you in the information has been

25   brought by the prosecutor in the document called the

1    information.  Have you had a chance to look at the information?

2              THE DEFENDANT:    Yes, your Honor.

3              THE COURT:    Unless you waive indictment, you may not

4    be charged with a felony unless a grand jury finds that there

5    was probable cause to believe that a crime has been committed

6    and that you committed it.  If you do not waive indictment, the

7    government may present the case to a grand jury and ask the

8    grand jury to indict you.  A grand jury consists of at least 16

9    and not more than 23 people, and at least 12 grand jurors must

10   find that there is probable cause to believe that you committed

11   the crime with which you're charged before you may be indicted.

12   And the grand jury might or might not indict you.  But if you

13   waive indictment by the grand jury, the case will proceed

14   against you on the prosecutor's information just as though you

15   had been indicted.  Do you understand all that I just told you?

16             THE DEFENDANT:    I do.  I do, and I appreciate it.

17   Thank you, your Honor.

18             THE COURT:    And have you discussed waiving your right

19   to indictment by the grand jury with your lawyer?

20             THE DEFENDANT:    Yes, your Honor.

21             THE COURT:    Have any threats or promises been made to

22   you to induce you to waive your right to indictment?

23             THE DEFENDANT:    Absolutely none.

24             THE COURT:    And do you wish to waive indictment by a

25   grand jury?

1          THE DEFENDANT:    Yes, your Honor.

2          THE COURT:    And let me ask Mr. Tilem, is there any

3    reason that Mr. Chitor should not be permitted to waive

4    indictment?

5          MR. TILEM:    None that I'm aware of, your Honor.

6          THE COURT:    And are you satisfied that his waiver is

7    knowing, voluntary, and intelligent?

8          MR. TILEM:    I am, your Honor.

9          THE COURT:    All right.  And I've been given a waiver

10    of indictment form that appears to have been signed by you,

11    Mr. Chitor.  Did you sign a waiver of indictment form?

12          THE DEFENDANT:    Yes, your Honor.

13          THE COURT:    And did you read the document before you

14    signed it?

15          THE DEFENDANT:    Yes, your Honor.

16          THE COURT:    Based on everything you've said to me, I

17    find that you, Mr. Chitor, are fully competent and aware of the

18    nature of your right to require the government to proceed by

19    way of an indictment, I find that your waiver of indictment is

20    freely, intelligently, and voluntarily made, and therefore the

21    waiver is accepted and so ordered.

22          So with that finished, I would now like to turn to the

23    issue of a guilty plea.  And similarly, I'm going to explain

24    some rights to you.  You'll be giving up those rights if you

25    decide to plead guilty.  Again, please stop me if there's

M771CHIP

1    anything you don't understand, or if you want to ask about it.

2                    If you pleaded not guilty, you would be entitled to a

3    speedy and public trial before a jury of 12 people.  Do you

4    understand that?

5                    THE DEFENDANT:    I do, your Honor.

6                    THE COURT:    And if there were a trial, you would be

7    presumed innocent and the government would be required to prove

8    your guilt by competent evidence beyond a reasonable doubt.

9    You would not have to prove that you were innocent if you went

10   to trial.

11                   If there were a jury trial, you could not be convicted

12   unless a jury of 12 people all agreed that you were guilty

13   beyond a reasonable doubt.

14                   You'd have the right to be represented by an attorney

15   throughout all the proceedings, including trial, if there is

16   one, and if you could not afford an attorney, one would be

17   provided for you free of cost.

18                   If there were a trial, you would have the right to see

19   and hear all of the witnesses against you, and your attorney

20   could cross-examine them.  You'd have the right to have your

21   attorney object to the government's evidence and to offer

22   evidence on your own behalf if you wanted.  And you'd have the

23   right to have subpoenas issued or other process used to compel

24   witnesses to come to court and testify in your defense.

25                   If there were a trial, you would have the right to

M771CHIP

1   testify if you wanted, but no one could force you to testify if

2   you did not want to, and no inference or suggestion of guilt

3   could be drawn if you chose not to testify at trial.  But if

4   you do plead guilty and I accept your plea, you'll be giving up

5   your right to trial and all the other related rights that I

6   just explained.  If you plead guilty, there will be no trial,

7   and I will enter a judgment of guilty and sentence you on

8   another day.

9              Finally, if you plead guilty, you'll be giving up your

10  right not to incriminate yourself and I'll ask you questions

11  today about what you did in order to satisfy myself that you're

12  guilty as charged.

13             Do you understand the rights that I've just explained

14  to you?

15             THE DEFENDANT:    I do, your Honor.

16             THE COURT:    And even now you have the right to change

17  your mind; you're entitled to plead not guilty and go to trial.

18  Do you understand that?

19             THE DEFENDANT:    Yes, your Honor.

20             THE COURT:    Okay.  So now I'd like to review the

21  charges and penalties.

22             You told me that you had received a copy of the

23  information.  Did you read it and review it with your lawyer?

24             THE DEFENDANT:    Yes, your Honor, I did.

25             THE COURT:    Do you understand that you're charged with

M771CHIP

1    four counts—one for conspiracy to commit securities fraud; two,

2    conspiracy to commit securities fraud and wire fraud; three,

3    securities fraud; and four, making false statements?

4            THE DEFENDANT:    Yes, your Honor.

5            THE COURT:    Okay.  So now I'm going to ask Mr. Cooper,

6    and why don't we take each charge separately, unless you have

7    prepared yourself in a different way.  So let's begin with

8    Count One.  Could you explain to us what the elements of that

9    offense are.

10           MR. COOPER:    Yes, your Honor.  Count One charges

11   conspiracy to commit securities fraud, in violation of Title 18

12   U.S. Code Section 371.  There are three elements to that

13   charge:

14           First, that the charged conspiracy existed;

15           Second, that the defendant intentionally joined and

16   participated in the conspiracy during the applicable time

17   period; and

18           Third, that at least one of the co-conspirators

19   committed an overt act in furtherance of the conspiracy.

20           The object of the conspiracy in Count One is

21   securities fraud, in violation of Title 15 U.S. Code Sections

22   78j(b) and 78ff, and Title 17 of the Code of Federal

23   Regulations, Section 240.10b-5.  That offense has the following

24   three elements:

25           First, that in connection with a purchase or sale of

M771CHIP

1    securities, the defendant employed a device, scheme, or

2    artifice to defraud, or engaged in an act, practice, or course

3    of business that operated or would operate as fraud or deceit

4    upon a purchaser or seller of the specified security;

5              Second, that when he engaged in this scheme, the

6    defendant acted knowingly, wilfully, and with an intent to

7    defraud; and

8              Third, that in furtherance of the scheme, there

9    occurred at least one use of any means or instrument of

10   transportation or communication in interstate commerce, or the

11   use of the mails, or the use of any facility of any national

12   securities exchange.

13             THE COURT:    Okay.  So do you understand that if you

14   did not plead guilty to Count One, the government would have to

15   prove each and every element of the charge beyond a reasonable

16   doubt at trial?

17             THE DEFENDANT:    I do understand, your Honor.

18             THE COURT:    And I want to be sure that you understand

19   the maximum penalty for Count One, which is five years'

20   imprisonment, a maximum term of supervised release of three

21   years, a maximum fine of the greater of $250,000, twice the

22   gross pecuniary gain derived from the offense, or twice the

23   gross pecuniary loss to a person other than yourself as a

24   result of the offense, plus a $100 mandatory special

25   assessment.  Do you understand that's the maximum penalty for

1    Count One?

2                    THE DEFENDANT:    I do, your Honor.

3                    THE COURT:    Okay.  Let's turn to Count Two.

4    Mr. Cooper, could you tell us the elements for that count.

5                    THE DEFENDANT:    Yes, your Honor.

6                    Count Two charges conspiracy to commit securities

7    fraud and wire fraud, in violation of 18 U.S. Code

8    Section 1349.  That offense has two elements:

9                    First, that the charged conspiracy existed; and

10                   Second, that the defendant intentionally joined and

11    participated in the conspiracy during the applicable time

12    period.

13                   There are two objects of this conspiracy charged in

14    Count Two.  First is securities fraud, in violation of 18 U.S.

15    Code Section 1348.  That offense has the following three

16    elements:

17                   First, that the defendant executed a scheme to defraud

18    a person or to obtain money or property by materially false or

19    fraudulent pretenses, representations, or promises;

20                   Second, that the defendant participated in the scheme

21    knowingly, wilfully, and with an intent to defraud; and

22                   Third, that the scheme to defraud was connected to the

23    purchase or sale of stock in a company whose securities were

24    registered under Section 12 of the Securities Exchange Act of

25    1934 or was otherwise required to file reports under that act.

1             The second object of the conspiracy charged in Count

2    Two was wire fraud, in violation of 18 U.S. Code Section 1343.

3    There are three elements to that offense:

4             First, that there was a scheme or artifice to defraud

5    or to obtain money or property by materially false and

6    fraudulent pretenses, representations, or promises;

7             Second, that the defendant knowingly and wilfully

8    participated in the scheme or artifice to defraud, with

9    knowledge of its fraudulent nature and with specific intent to

10   defraud; and

11            Third, that in execution of that scheme, the defendant

12   used or caused the use of interstate or international wires.

13            THE COURT:    All right.  And again, Mr. Chitor, do you

14   understand that if you did not plead guilty, the government

15   would have to prove each of those elements beyond a reasonable

16   doubt at trial?

17            THE DEFENDANT:    I do understand, your Honor.

18            THE COURT:    Okay.  And let me explain the maximum

19   penalty for Count Two, which we've just heard about, and that

20   is 20 years' imprisonment, a maximum term of supervised release

21   of three years, a maximum fine of the greatest of $250,000 or

22   twice the gross pecuniary gain derived from the offense or

23   twice the gross pecuniary loss to someone other than yourself

24   as a result of the offense, plus there's a $100 mandatory

25   special assessment.

1          Let's turn to Count Three.  Mr. Cooper?

2          MR. COOPER:    Yes.  Count Three charges securities

3    fraud, in violation of 15 U.S. Code Section 78j(b) and 78ff and

4    17 Code of Federal Regulations Section 240.10b-5.  This charge

5    has the same elements as the object of the securities fraud

6    conspiracy charged in Count One that I described a few moments

7    ago.  Would the Court like me to repeat those?

8          THE COURT:    I don't think it's necessary.  Let me just

9    make sure that Mr. Chitor is comfortable having heard them

10   already.

11         THE DEFENDANT:    I am, your Honor.  I am comfortable.

12         THE COURT:    All right.  So you don't have to repeat

13   them, Mr. Cooper.

14         So again, you understand that if you didn't plead

15   guilty, the government would have to prove those elements with

16   respect to Counts Three at trial?

17         THE DEFENDANT:    I do, your Honor.

18         THE COURT:    So the maximum penalty for Count Three is

19   20 years' imprisonment, a maximum term of supervised release of

20   three years, a maximum fine of the greatest of $5 million or

21   twice the gross pecuniary gain derived from the offense or

22   twice the gross pecuniary loss to someone other than yourself

23   from the offense, plus there's a $100 mandatory special

24   assessment.

25         Mr. Cooper, finally, can you tell us the elements of

1    Count Four.

2                    MR. COOPER:    Yes.  Count Four charges false

3    statements, in violation of Title 18 U.S. Code Section 1001.

4    The elements are as follows:

5                    First, the defendant made a statement or

6    representation;

7                    Second, the statement was false, fictitious, or

8    fraudulent;

9                    Third, the statement or representation was material;

10                   Fourth, the defendant acted knowingly and wilfully;

11   and

12                   Fifth, the statement pertained to a matter within the

13   jurisdiction of the Executive Branch of the United States

14   government.

15                   THE COURT:    Okay.  And you understand, Mr. Chitor,

16   that with respect to that count, like all the other ones, if

17   you did not plead guilty to it, the government would have to

18   prove each of those elements beyond a reasonable doubt at

19   trial?

20                   THE DEFENDANT:    I do, your Honor.

21                   THE COURT:    Okay.  So the maximum penalty for Count

22   Four is five years' imprisnment, a maximum term of supervised

23   release of three years, a maximum fine of the greatest of

24   $250,000 or twice the gross pecuniary gain derived from the

25   offense or twice the gross pecuniary loss to someone other than

M771CHIP

1    yourself as a result of the offense, plus for this count as

2    well, there's a $100 mandatory special assessment.

3              So just to recap, in terms of the maximum penalty, you

4    would be pleading to four different counts of the information,

5    and you should understand that I will impose a separate

6    sentence on each count.  Is that clear to you?

7              THE DEFENDANT:    Yes, your Honor.

8              THE COURT:    You should also understand that I may

9    order you to serve the sentence either concurrently, meaning

10   all the sentences at the same time, or consecutively, meaning

11   one after another, and that if I imposed consecutive sentences,

12   your maximum total sentence could be as much as 50 years.  Do

13   you understand that?

14             THE DEFENDANT:    I do, your Honor.

15             THE COURT:    Okay.  Now give me just a minute here.

16             So let me explain a little bit about supervised

17   release.  And there is a maximum term of supervised release for

18   each of those counts of three years, and I would impose those

19   concurrently, and during that period you'd be subject to

20   monitoring after you're released from any term of imprisonment,

21   and there are rules that you'd have to follow, and if you

22   violated those rules, you could be sent to prison or returned

23   to prison without a jury trial to serve additional time even

24   beyond your original sentence, and if that happened, you would

25   not be given credit for time served in prison on any original

M771CHIP

1    sentence and no credit for any time spent on supervised

2    release.  Do you understand that?

3                    THE DEFENDANT:    I do, your Honor.

4                    THE COURT:    So being on supervised release is a little

5    bit like being on parole, only it comes after any prison

6    sentence and there's no possibility of being released early.

7    In fact, you should understand that parole has been abolished

8    in the federal system and that if you were sentenced to prison,

9    you would not be released early on parole.  Do you understand

10   that?

11                   THE DEFENDANT:    I do, your Honor.

12                   THE COURT:    And I understand, Mr. Chitor, that you are

13   a United States citizen; is that right?

14                   THE DEFENDANT:    That is correct, your Honor.

15                   THE COURT:    All right.  So I won't discuss with you

16   the various immigration consequences that could occur as a

17   result of your pleading guilty.  You should just know that if

18   you were not a citizen, that there would certainly be

19   consequences.

20                   Your plea agreement also provides that you will make

21   restitution to any person injured as a result of your criminal

22   conduct in an amount to be specified by the Court.  Do you

23   understand that?

24                   THE DEFENDANT:    I do, your Honor.

25                   THE COURT:    And your plea agreement also provides that

1    you admit the forfeiture allegation for Counts One through

2    Three of the information and that you agree to forfeit to the

3    United States an amount of money equal to the proceeds

4    traceable to the offenses in Counts One, Two, and Three.  Do

5    you understand that?

6           THE DEFENDANT:    I do, your Honor.

7           THE COURT:    And do you also understand that the

8    forfeiture amount that you would be required to pay is separate

9    from any fine or separate from any restitution order?

10          THE DEFENDANT:    I do, your Honor.

11          THE COURT:    Okay.  Give me just a second here.

12          You should also understand that since you're a

13   citizen, you have various civil rights, but if I accept your

14   guilty plea and I adjudge you guilty, that may deprive you of

15   valuable civil rights, like the right to vote, the right to

16   hold public office, the right to serve on a jury, the right to

17   possess any kind of firearm, and the right to hold certain

18   professional licenses.  Do you understand that?

19          THE DEFENDANT:    I understand that, your Honor.

20          THE COURT:    And have you talked to your lawyer about

21   the federal sentencing guidelines and how they apply to your

22   case?

23          THE DEFENDANT:    Yes, your Honor, at length.

24          THE COURT:    Okay.  Let me review some of that.

25          In imposing sentence, I'm required to consider the

M771CHIP

1    recommendations of the sentencing guidelines.  They're a set of

2    rules for determining an appropriate sentence.  And I also have

3    to determine whether there should be any upward or downward

4    departure from the recommended guideline range.  I must pay

5    attention to the guidelines in determining sentence, but in the

6    end, I'm required to impose a sentence that I believe has

7    satisfied the purposes of the criminal law based on various

8    factors that are set forth in a statute, even if the sentence

9    is higher or lower than what the guidelines recommend.  Do you

10   understand that?

11                THE DEFENDANT:    I do, your Honor.

12                THE COURT:    And I won't be able to determine how the

13   guidelines apply to your case until much later, until after a

14   presentence report has been prepared by the probation office

15   and you and the government have had a chance to comment on it

16   or challenge it and after you have had a chance to do anything

17   else you intend to do in connection with the government.  Do

18   you understand that?

19                THE DEFENDANT:    I do, your Honor.  I do.

20                THE COURT:    So do you also understand that if

21   Mr. Tilem or anyone else has attempted to predict what your

22   sentence would be, they could be wrong?

23                THE DEFENDANT:    I do.  I do, your Honor.

24                THE COURT:    And the reason I'm telling you this is

25   because you need to understand that no one can be sure right

1    now what your sentence will be.  Even I don't know what your

2    sentence will be.  It will be my job to decide that, and I'm

3    not in a position to do it now.  As I said before, I'll wait

4    until I get much more information, both from the lawyers as

5    well as the probation department in preparing the presentence

6    report.  I'll also have to calculate the guidelines

7    recommendation, I'll have to consider whether there are any

8    grounds to depart from the range, consider all the factors in

9    the statute that I'm required to consider, so please understand

10   that no one can predict what your sentence will be.  Do you

11   understand that?

12             THE DEFENDANT:    I do, your Honor.  I really do.

13             THE COURT:    Okay.  Do you also understand that even if

14   your sentence is different from what your attorney or anyone

15   else told you it might be, or if it's different from what you

16   expect it to be, do you understand that once you plead guilty,

17   you will not be allowed to withdraw your plea?

18             THE DEFENDANT:    Yes, I do, your Honor.  I do.

19             THE COURT:    Has anyone threatened or coerced you in

20   any way or tried to force you to plead guilty?

21             THE DEFENDANT:    No, your Honor, no.

22             THE COURT:    And has anyone, other than the government

23   in the plea agreement, promised you or offered you anything in

24   order to get you to plead guilty?

25             THE DEFENDANT:    No, your Honor.  No.

M771CHIP

1          THE COURT:     So I have a copy of the plea agreement.

2    It's a letter dated June 29, 2022, from the prosecutor to your

3    attorney, and it will be marked as a Court exhibit.  Did you

4    sign the plea agreement?

5          THE DEFENDANT:     Yes, your Honor.

6          THE COURT:     And did you read it before signing it?

7          THE DEFENDANT:     Yes, your Honor.

8          THE COURT:     Did you discuss it with your lawyer before

9    you signed it?

10          THE DEFENDANT:     Yes, your Honor.

11          THE COURT:     And did you discuss every aspect of it?

12          THE DEFENDANT:     Yes, your Honor.

13          THE COURT:     And do you understand the agreement now

14    and did you understand it when you signed it?

15          THE DEFENDANT:     Both, yes, your Honor.

16          THE COURT:     Okay.  Is the plea agreement the entire

17    agreement between you and the government?

18          THE DEFENDANT:     No.  There's more to that.

19          THE COURT:     Okay.  I actually don't think so.  I think

20    that the plea agreement is the entire agreement between you and

21    the government at this point.  But let me ask Mr. Cooper.

22          MR. COOPER:     Your Honor, the plea agreement is the

23    entire agreement between the government and Mr. Chitor, but

24    perhaps the Court can also confirm that with Mr. Tilem and

25    Mr. Chitor.

1          THE COURT:    I will, of course.

2          MR. COOPER:    Thank you.

3          THE COURT:    Okay.  It may be that there is some

4     misunderstanding on Mr. Chitor's part, so --

5          THE DEFENDANT:    Thank you.  I can defer to Mr. Tilem.

6     I was thinking about the other agreement as well, but it's just

7     the plea.  It's the same plea agreement.  I defer to my defense

8     counsel.

9          THE COURT:    You're right.  There is a bail agreement

10    and there is I believe a sealing agreement, but let me just ask

11    Mr. Tilem.

12         MR. TILEM:    Your Honor, it is my understanding that

13    this is the only agreement, that the plea agreement is the only

14    agreement between the government and Mr. Chitor, and the

15    agreement, the plea agreement that was signed by me and -- both

16    Mr. Chitor and myself indicates that it's the only agreement

17    between the parties.

18         THE COURT:    All right.  So Mr. Chitor, I want to be

19    sure you understand now that the plea agreement is the only

20    agreement between you and the government.  Is that clear?

21         THE DEFENDANT:    It is clear, your Honor.  Thank you

22    for that.  I really appreciate it.

23         THE COURT:    Sure.  Has anyone threatened or coerced

24    you or forced you to enter into the plea agreement?

25         THE DEFENDANT:    No, your Honor, not at all.

M771CHIP

```
 1                 THE COURT:    And other than what is contained in the
 2    plea agreement, has anyone promised you anything or offered you
 3    any inducement to plead guilty or to enter into the plea
 4    agreement?
 5                 THE DEFENDANT:    No, your Honor.  It's all --
 6                 THE COURT:    And has anyone made a promise to you as to
 7    what your sentence would be?
 8                 THE DEFENDANT:    No, your Honor.
 9                 THE COURT:    Okay.  Now do you also understand that the
10    government could make a motion before your sentencing, called a
11    5K motion, that could influence me to give you a lower sentence
12    in light of your cooperation with the government?  Do you
13    understand that that's a possibility?
14                 THE DEFENDANT:    I do understand, your Honor.
15                 THE COURT:    And do you also understand that it's up to
16    the government and not to me to decide whether your cooperation
17    has been good enough and productive enough to warrant the
18    government making that motion?
19                 THE DEFENDANT:    I do understand, your Honor.
20                 THE COURT:    And do you also understand that even if
21    the government decides to make the motion, it is still up to me
22    to decide whether to give you any credit for your cooperation
23    and how much?
24                 THE DEFENDANT:    I do understand, your Honor.
25                 THE COURT:    Do you also understand that under certain
```

1    circumstances both you and the government have the right to

2    appeal any sentence that I might impose, subject to the terms

3    of the plea agreement?

4                    THE DEFENDANT:    I do understand, your Honor.

5                    THE COURT:    So in recap, have you clearly understood

6    everything so far that has happened today?

7                    THE DEFENDANT:    Yes, your Honor.  Thank you.

8                    THE COURT:    And now that you've been advised of the

9    charges against you, the possible penalties you face, and the

10   rights you're giving up, is it still your wish to plead guilty

11   to Counts One, Two, Three, and Four of the information?

12                   THE DEFENDANT:    Yes, your Honor.

13                   THE COURT:    So I'd like to ask Mr. Cooper what the

14   government would expect to prove in this case if it went to

15   trial.

16                   MR. COOPER:    Yes, your Honor.

17                   If this case were to go to trial, the government would

18   produce evidence, including materials obtained pursuant to a

19   judicially authorized search warrant on Mr. Chitor's telephone,

20   as well as electronic devices and electronic communications

21   accounts of co-conspirators, as well as trading records,

22   records of communications, and records of cell site locations

23   for Mr. Chitor and others.

24                   THE COURT:    And in addition to telling me the types of

25   evidence, could you summarize for me what that evidence would

M771CHIP

1    show.

2                  MR. COOPER:    Yes, your Honor.  The evidence would show

3    that Mr. Chitor participated in an insider trading conspiracy

4    pursuant to which he received material nonpublic information

5    about a planned acquisition of a company named NeoPhotonics by

6    another company named Lumentum; that at the time Mr. Chitor

7    understood that the information was material nonpublic

8    information, and that he provided a benefit to the source of

9    that information—namely, a promise to share in the proceeds of

10   insider trading.

11                  In addition, the evidence would show that the FBI

12   conducted an interview of Mr. Chitor in or about March 2022 and

13   that Mr. Chitor also participated in meetings with the FBI and

14   representatives of the United States government, the United

15   States Attorney's Office, in or about April 2022, and that

16   during those meetings, on certain occasions, and about certain

17   issues, Mr. Chitor provided materially false information.

18                  THE COURT:    Okay.  So Mr. Chitor, you understand,

19   we've been through all four counts, you've heard what the

20   government has said.  First of all, let me ask you, with

21   respect to what the government just said that you did, is that

22   in substance true?

23                  THE DEFENDANT:    It is true, your Honor.

24                  THE COURT:    Okay.  So I'd like you to tell me in your

25   own words what you did that makes you believe that you're

1    guilty of the four crimes to which you're pleading guilty.

2            THE DEFENDANT:    Yes, your Honor.

3            In October of last year, October of 2021, an

4    acquaintance of mine, Mr. Amit Bhardwaj, who had a very high

5    position in this publicly traded company called Lumentum,

6    proposed that I buy stock of this company called NeoPhotonics

7    in my account based upon inside information that he had that

8    Lumentum was about to acquire this company NeoPhotonics.

9    Mr. Bhardwaj also proposed that we split the profits 50/50, in

10   exchange for using my account and him providing the

11   information.

12           I then bought stock and also exchanged traded call

13   options in NeoPhotonics with the intent of making a large

14   profit after the acquisition would be announced.

15           In November 2021, the following month, immediately

16   after the Lumentum acquisition of NeoPhotonics, I sold my

17   position, making a large profit.  I then arranged for money to

18   be given to a relative of Mr. Bhardwaj in India as his share of

19   the profits.  We both downloaded the Signal messaging app so

20   that we could communicate about the trading and profit-sharing

21   and so that our activities would be harder to detect.

22           In March and April of this year, 2022, I was

23   questioned about these activities by the FBI, the U.S.

24   Attorney's Office, and others.  I made materially false

25   statements to law enforcement in an attempt to cover up the

M771CHIP

1    full extent of my activities in regard to these trades and the

2    sharing of these profits.

3            I knew this was wrong and that this was illegal.

4            THE COURT:    Okay.  Thank you.

5            Did anyone threaten or coerce or force you to do these

6    things?

7            THE DEFENDANT:    No, your Honor.

8            THE COURT:    Okay.  Mr. Cooper, are there any

9    additional questions that you want me to ask?

10           MR. COOPER:    There are not, your Honor, although if

11   it's all right, I can make a proffer on venue for the Court.

12           THE COURT:    Okay.  Go ahead.

13           MR. COOPER:    With respect to venue, if this case

14   proceeded to trial, government would establish venue by a

15   preponderance of the evidence.  With respect to Counts One,

16   Two, and Three, the government would demonstrate that certain

17   executing brokers for certain of the stock purchases that the

18   defendant made in NeoPhotonics were based in the Southern

19   District of New York; and second, that the entity that provided

20   the clearing services for most of the transactions at issue was

21   located in part in the Southern District of New York.

22           With respect to the false statements charge, Count

23   Four, we would prove venue by the fact that the defendant was

24   aware that the investigation was being conducted out of the

25   Southern District of New York and that certain of the false

1    statements were made while the defendant was physically present

2    in the Southern District of New York.

3              THE COURT:    Okay.  Thank you.

4              And Mr. Cooper, do you believe there is a sufficient

5    factual predicate for a guilty plea?

6              MR. COOPER:    Yes, your Honor.

7              THE COURT:    And Mr. Tilem, do you agree?

8              MR. TILEM:    I do agree.

9              THE COURT:    And Mr. Tilem, are there any additional

10   questions that you would like me to ask of your client?

11             MR. TILEM:    No, your Honor.

12             THE COURT:    Do you know of any valid defense that

13   would prevail at trial or any reason why your client should not

14   be permitted to plead guilty?

15             MR. TILEM:    I do not, your Honor.

16             THE COURT:    So Mr. Chitor, I will take your plea now.

17   How do you plead to the charge in Count One of the information,

18   guilty or not guilty?

19             THE DEFENDANT:    Guilty, your Honor.

20             THE COURT:    And in Count Two, guilty or not guilty?

21             THE DEFENDANT:    Guilty, your Honor.

22             THE COURT:    Count Three, guilty or not guilty?

23             THE DEFENDANT:    Guilty, your Honor.

24             THE COURT:    And Count Four, guilty or not guilty?

25             THE DEFENDANT:    I plead guilty, your Honor.

M771CHIP

1          THE COURT:    And are you in fact guilty of all of those

2   charges?

3          THE DEFENDANT:    Yes, I am, your Honor.

4          THE COURT:    Are you pleading guilty voluntarily and of

5   your own free will?

6          THE DEFENDANT:    Voluntarily, yes, your Honor.

7          THE COURT:    Do you admit the forfeiture allegations in

8   the information which require you to forfeit property

9   representing the proceeds traceable to the commission of the

10  crimes charged in Counts One through Three?

11         THE DEFENDANT:    Yes, your Honor.

12         THE COURT:    Was that a yes?

13         THE DEFENDANT:    Yes.  Yes, your Honor.

14         THE COURT:    So Mr. Chitor, on the basis of your

15  responses to my questions and my observations of your demeanor,

16  I am satisfied that you understand your rights and that you're

17  waiving them knowingly, voluntarily, with an understanding of

18  the consequences of your plea, including potential sentences

19  that might be imposed, that you're voluntarily pleading guilty,

20  that you've admitted you're guilty as charged in Counts One

21  through Four of the information, that your plea is supported by

22  an independent factual basis as to each and every element, and

23  accordingly, I accept your guilty plea and adjudge you guilty

24  on the charges in Counts One, Two, Three, and Four.

25         Mr. Cooper, what would you like to do about a

1    sentencing date and the presentence report?

2              MR. COOPER:    Your Honor, with respect to the

3    presentencing report, we'd request that the Court defer that,

4    and when it comes time, when the defendant's cooperation

5    attempt has completed, we can advise the Court and request that

6    the Court order a PSR at that time.

7              With respect to a sentencing date, our suggestion is

8    that the Court set a control date for six months out, at which

9    time the government will advise the Court as to the status of

10   the defendant's cooperation and whether a further adjournment

11   is necessary.

12             THE COURT:    Mr. Tilem, is that acceptable to you?

13             MR. TILEM:    Yes, your Honor.  I join in both of those

14   applications.

15             THE COURT:    All right.  Well, let's do this instead.

16   What I will do is order a letter just prior to our control date

17   so that we know whether we're proceeding then rather than

18   having a conference, and I will require the letter -- why don't

19   I just put that in a written order, but I'll require the letter

20   sufficiently before the six-month date so there is time for --

21   well, actually, let's not do that at all.  Why don't we do

22   this:  In six months, which would be January 7th, if you could

23   give me a letter by January 7th updating me on the status.  If

24   Mr. Chitor's cooperation is complete at that time, I'll set a

25   schedule for the preparation of the presentence report and for

1    the parties' submissions, and I will also set a sentencing

2    date.

3              Mr. Street informs me that the date should be

4    January 9th, because January 7th is a Saturday, so I'll amend

5    my direction to ask for a letter on January 9th, or by

6    January 9th.  Does that work for everyone?  Mr. Tilem first.

7              MR. TILEM:    Yes, it does, your Honor.

8              THE COURT:    And Mr. Cooper?

9              MR. COOPER:    Yes, your Honor.

10             THE COURT:    So let's turn to the question of bail now.

11             I received a letter from the government yesterday

12    explaining that the parties are jointly proposing certain bail

13    conditions.  And the letter from the government -- let me just

14    confirm with Mr. Tilem that that is the case and that the

15    letter was accurate.

16             MR. TILEM:    It is the case, your Honor, and the letter

17    is accurate.

18             THE COURT:    So based on my review of the information,

19    the pretrial services report, the government's letter,

20    Mr. Tilem's concurrence, I will accept the recommendation.  I

21    am satisfied that the proposed conditions will reasonably

22    assure Mr. Chitor's appearance and the safety of others in the

23    community, and that these are the least restrictive conditions

24    that will satisfy these purposes.

25             So Mr. Chitor, I'm releasing you subject to the

1    following conditions of release, which are the proposed

2    conditions:

3            First, a $250,000 personal recognizance bond signed by

4    you and secured by $40,000 in cash;

5            A second requirement is that the bond be signed or

6    cosigned by two financially responsible persons;

7            Third condition is that travel be limited to the

8    Continental United States—in other words, you can't travel

9    outside the Continental United States;

10           Fourth, you must surrender all passports and travel

11   documents and not apply for any new ones in any country or to

12   any country; and

13           Finally, I will impose regular pretrial supervision.

14           Do you understand that if you fail to return to court

15   for sentencing on the date and time that will be set, there are

16   various consequences, none of them good?  And I'll explain them

17   in a minute, but you understand that you have a legal

18   obligation to come back to court for your sentencing?

19           THE DEFENDANT:    I do, your Honor.

20           THE COURT:    So if you fail to return for sentencing:

21   first, a warrant could be issued for your arrest; second, you

22   would be guilty of a separate crime called bail jumping for

23   which you could be sentenced to imprisonment and a fine

24   separate and apart from and in addition to whatever sentence

25   you might receive for the crimes to which you've just pleaded

M771CHIP

1    guilty; and third, in addition, anyone who signed the bond with

2    you would be responsible for paying the full amount or the full

3    unsecured amount, and that is 210,000.

4            In addition, if you commit any offense while you're

5    released, you could be sentenced on that additional offense, in

6    addition to whatever sentence would normally be imposed, to an

7    additional term of imprisonment of not more than ten years if

8    it is a felony and not more than one year if it is a

9    misdemeanor.  And that would follow, as I said, any other

10   sentence of imprisonment.  Do you understand that?

11           THE DEFENDANT:    I do, your Honor.

12           THE COURT:    Okay.  That concludes everything I have on

13   my agenda.  Is there anything else, Mr. Cooper?

14           MR. COOPER:    Yes, your Honor, two brief things.

15           One is, with respect to bail -- and I apologize, I did

16   not include this in the letter -- we would request that the

17   defendant be provided with one week to post the cash security

18   and also be given 30 days to obtain the two co-signers.

19           THE COURT:    Okay.  Mr. Tilem, any objection to those

20   courses of action?

21           MR. TILEM:    I thought we had discussed two weeks to

22   post the cash bail.

23           MR. COOPER:    No, that's right.  And I apologize, your

24   Honor.  I couldn't read my handwriting.  Mr. Tilem is correct.

25           THE COURT:    All right.  So any objection, Mr. Tilem,

1   to two weeks to provide the cash security and 30 days to obtain

2   co-signers?

3              MR. TILEM:    No objection, your Honor.

4              THE COURT:    So I'll add those additional conditions.

5              And Mr. Cooper, you had another item?

6              MR. COOPER:    Yes, your Honor.  We had submitted to the

7   Court a sealed application to seal the various documents with

8   respect to today's proceeding, including the transcript, and

9   also to provide for delayed docketing of this case, with

10  certain exceptions to the sealing.  I'm happy to discuss that

11  if the Court has any questions.

12             THE COURT:    Any objections, Mr. Tilem?

13             MR. TILEM:    No, your Honor.  In fact, I would join in

14  that application.

15             THE COURT:    All right.  I have reviewed the

16  application and I will grant the application.

17             Could I make one request of you.  Could I ask one of

18  you to order the transcript and have it sent to us.

19             MR. COOPER:    Yes, your Honor.

20             THE COURT:    Okay.  Is there anything else, Mr. Tilem?

21             MR. TILEM:    Not on behalf of the defendant, your

22  Honor.  Thank you.

23             THE COURT:    Sure.  Mr. Cooper, anything else?

24             MR. COOPER:    No.  Thank you very much, your Honor.

25             THE COURT:    All right.  Mr. Chitor, best of luck to

M771CHIP

1   you, and I will see you again at the time of sentencing, if not

2   before.

3               THE DEFENDANT:    Thank you, your Honor.

4               THE COURT:    We're adjourned.

5               MR. TILEM:    Thank you.

6                               o0o

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25